OPINION
Plaintiffs-appellants, Kenneth and Margaret Tankersley, appeal a summary judgment rendered in favor of defendants-appellees, Darren and Melissa Lohrey. In October of 1996, the Tankersleys purchased a residence located at 3190 Shollenbarger Road, Oxford, Ohio ("the residence") from the Lohreys. After the purchase, the Tankersleys discovered structural damage to the residence and filed suit against the Lohreys in the Butler County Court of Common Pleas. The Lohreys filed for and were granted summary judgment, and the Tankersleys have appealed. Upon review, we affirm the decision of the trial court.
The Lohreys purchased the residence in January of 1993. Darren, a self-employed carpenter, performed several renovations on the residence including: the replacement of several windows to a single uniform size; the conversion of a door into a window; the removal of a side porch/patio; and the replacement of the residence's beveled cedar siding with vinyl siding. During his deposition, Darren was questioned extensively about the extent and character of these renovations and whether during said renovations he noticed any termite damage. Darren testified that the bulk of the renovations were performed in the fall of 1993, and characterized the renovations as limited in extent because they did not require much of the interior framing to be exposed to inspection. Darren specifically denied ever seeing any termite damage while completing the renovations.
Three years following the renovations, in the fall of 1996, the Lohreys sold the residence to the Tankersleys. Prior to the sale, an inspection addendum was added to the contract of sale. In the inspection addendum, the Tankersleys specifically waived "a whole house inspection," but did request that a "termite and wood-boring insect inspection" be performed at the seller's expense within seven days of the closing. Such inspection was performed by Hometown Pest Control, and disclosed, among other things, "[e]xit holes produced by powdered pest beetles, subterranean termite shelter tubes in basement, crawl, garage." The aforementioned report was furnished to the Tankersleys at the closing. Also at the closing, the Lohreys executed a residential property disclosure form wherein they indicated that they had no knowledge of any structural deterioration, including the floors and interior and exterior walls. Pursuant to this form, the Lohreys acknowledged that the residence had previously been treated for wood-boring insects and termites. The Tankersleys were given more than one opportunity to inspect the residence before purchase. The record also reveals that prior to closing, Kenneth specifically asked Darren if there was anything structurally wrong with the residence, and was assured that there was not.
Kenneth testified that in the spring of 1997, as he and his wife were completing several remodeling projects, they discovered structural damage to the floor and exterior walls of the northwest corner of the residence. As a result, on August 18, 1997 the Tankersleys filed suit against the Lohreys asserting that the Lohreys had intentionally concealed and failed to disclose the hidden termite damage. The Lohreys argued in their answer that because the Tankersleys could not satisfy the essential elements of a common law action for fraudulent concealment, the doctrine ofcaveat emptor should preclude recovery in their lawsuit.
Discovery was conducted and on June 11, 1998 the Lohreys filed a motion for summary judgment. The Tankersleys opposed the motion and submitted an affidavit from Kenneth in which he stated that he had reasonably relied on Darren's representations as a carpenter that the house was sound. The affidavit further stated that while completing the repairs to the structurally damaged floor and exterior walls of the northwest corner of the residence, Kenneth had discovered the extent of Darren's renovations and structural alterations to the residence. In his affidavit, Kenneth asserted that he discovered chalklines and new nailers which were presumably installed by Darren during his renovations to replace the disintegrating structures. Kenneth further opined that Darren "knew or should have known of the structural damage existing in the exterior walls" at the time of the renovations, and accused Darren of failing to disclose such damage.
On July 27, 1998, the trial court sustained the Lohreys' motion for summary judgment. Specifically, the trial court found that "[t]he record is devoid of any evidence that defendant knew of any structural damage." The trial court further stated, "[a]s it turned out, while defendant, Mr. Lohrey, did substantial remodeling, it was nevertheless, restricted in scope and exposed very little of the inner structure and components of the walls."
The Tankersleys timely filed their appeal, raising a single assignment of error:
 THE TRIAL COURT ERRED TO PREJUDICE [sic] OF PLAINTIFF/APPELLANT WHEN IT GRANTED APPELLEES' MOTION FOR SUMMARY JUDGMENT.
Summary judgment is appropriate where (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds construing the evidence in the light most favorable to the nonmoving party could reach but one conclusion which is adverse to the nonmoving party. Civ.R. 56(C); Welco Ind., Inc. v. Applied Cos.
(1993), 67 Ohio St.3d 344, 346. The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429-300;Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. If the moving party fails to satisfy this burden, the motion for summary judgment must be denied. Id. All doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-59.
Our standard of review for summary judgment is the same as that of the trial court. We review summary judgment cases denovo. Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704,711. In applying the de novo standard, we review the trial court's decision independently and without deference to the trial court's determination. Id.
Under the assignment of error, the Tankersleys argue that the trial court erred by failing to construe the evidence in a light most favorable to them. The Tankersleys further argue that the trial court ignored evidence presented through deposition testimony and affidavits from which the Lohreys' knowledge of the residence's structural defects could be inferred. In opposition, the Lohreys argue that the Tankersleys have failed to establish any of the essential elements required to maintain an action for fraudulent concealment.
In order to establish a claim in fraud, the Tankersleys must have shown "(1) a representation or where there is a duty to disclose, concealment, (2) which is material, (3) made falsely, with knowledge of its falsity or with reckless disregard for the truth, (4) with the intent to mislead, (5) justifiable reliance upon the representation or concealment and (6) a resulting injury proximately caused by the justifiable reliance." Padgett v. Sanders
(Sept. 28, 1998), Clermont App. No CA97-12-114, unreported, citingGaines v. Preterm-Cleveland, Inc. (1987), 33 Ohio St.3d 54, 55.
In the instant matter, viewing the evidence in a light most favorable to the Tankersleys, we can arguably conclude that there may have been either (1) a representation by Darren that the residence was sound, or (2) a possible failure by Darren to disclose the hidden termite damage. If we assume that there was such a representation, concealment, or failure to disclose, it certainly would have been material to the transaction. However, there was no evidence presented anywhere in the record that the alleged representation, concealment, or failure to disclose was made with knowledge of its falsity or with reckless disregard to the truth. Furthermore, the record is devoid of any evidence that the Lohreys had any intent to deceive. Rather, the record reveals that Darren last had an opportunity to inspect the interior walls of the northwest corner of the residence in the fall of 1993 when he completed the renovations, but the Tankersleys did not discover the hidden termite damage until over three years later, in thespring of 1997.
From the record before us, we are unable to determine if, as a result of his renovations, Darren should have known of the damage to the residence in 1993. The record does not contain any lay testimony, expert testimony, or any other applicable evidence, pin pointing when the termite damage began, or how long it had been present in the residence before the Tankersleys discovered it in the spring of 1997. While the Tankersleys contend that such evidence may be "inferred" from Kenneth's affidavit, we disagree. Upon review, we find the evidence presented in Kenneth's affidavit is mere speculation, without supporting evidence, and nothing more than conjecture. See Goensv. Torco Cos. (1990), Butler App. No. CA89-06-092, unreported, at 6. Without such supporting evidence it is impossible to determine whether, as a result of the renovations he performed in the fall of 1993, Darren had knowledge of the termite damage, or whether his statements to the Tankersleys regarding the termite damage were in reckless disregard for the truth. Furthermore, it is impossible to determine whether or not Darren had an intent to deceive the Tankersleys about the hidden termite dam age.
Upon review, we find that the record contains no evidence that Darren had any knowledge of termite damage which he concealed or failed to disclose to the Tankersleys at the time of purchase in 1996. Consequently, the trial court was correct in concluding that the Tankersleys have failed to put forth evidence of "knowledge," a requisite element of fraudulent concealment.Gaines, 33 Ohio St.3d at 55.
The trial court's granting of the Lohreys' motion for summary judgment was proper. When viewing the evidence in a light most favorable to the Tankersleys, we find that the Tankersleys failed to establish the requisite elements of a claim for fraudulent concealment.[1] Accordingly, the assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.
[1] Absent a finding that the Lohreys concealed a defect in the property, there is no reason to address the Lohreys' additional argument that caveat emptor would preclude any recovery by the Tankersleys.