OPINION
Appellant Empire Fire and Marine Insurance (hereinafter "Empire") appeals the February 15, 2001 judgment entry of the Allen County Court of Common Pleas, granting summary judgment in favor of the appellee, Halcyon Insurance Company (hereinafter "Halcyon").
On February 28, 1998, Kristie Shurelds, Halcyon's insured, was driving a 1995 Plymouth Neon when she collided with another vehicle driven by Courtney Owens. Shurelds had rented the car that she was driving from Empire's insured, Cheaper Car Rental. At the time of the accident, Shurelds was insured by Appellee Halcyon, and Cheaper Car Rental was under a contract of insurance with Appellant Empire. As a result of the accident, Halcyon paid certain sums for personal injuries to Owens and the three minor passengers in Shurelds' vehicle, as well as for property damage to the car that Owens was driving.
The insurance contract between Shurelds and Halcyon contained the following pertinent provision:
OTHER INSURANCE
* * *
 Any insurance we provide for a vehicle, other than a covered vehicle, will be excess over any other collectible insurance, self-insurance, or bond.
Such a provision is "generally referred to as an `excess' provision."State Farm Mut. Auto. Ins. Co. v. Home Indem. Ins. Co. (1970),23 Ohio St.2d 45, 46. In addition, this policy contained the following provision:
 GENERAL DEFINITIONS
* * *
4. "Covered vehicle" means:
a. any vehicle shown on the Declarations Page;
 b. any additional vehicle on the date you become the owner * * *
The only vehicle listed on the Declarations Page of this insurance policy was a 1989 Suzuki Sidekick.
The insurance contract between Cheaper Car Rental and Empire contained the following relevant provisions:
A. COVERAGE
 We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
* * *
1. WHO IS AN INSURED
The following are "insureds":
* * *
 c. Anyone else while using with your permission a covered "auto" you own, except as set forth in Section II. A. 2. below.
 2. WHO IS NOT AN INSURED
The following are not "insureds":
 a. The "rentee" or any driver designated in a "rental agreement", except and only to the extent provided by Section II. A. 3., "Contingent Insurance for Rentees"
 3. CONTINGENT INSURANCE FOR RENTEES
 This policy does not insure the "rentee" or any driver designated in a rental agreement if there is any other applicable automobile liability insurance or self-insurance, whether primary, excess, or contingent, with limits of liability or retained limits at least equal to the limits provided by this policy.
* * *
 b. All other insurance or self-insurance, whether primary, excess, or contingent, shall be primary, and any insurance provided by this policy shall be excess over all other such insurance.
A provision such as Section II. A. 3. "is commonly termed a `no liability' provision but is more properly referred to as an `escape' provision." Id.
The aforementioned provisions constitute the basis for the dispute between Empire and Halcyon, regarding each company's respective liability for damages resulting from the Shurelds/Owens collision. In essence, the complaint alleges that Empire must provide primary liability coverage for the Shurelds/Owens collision and having not done so, must reimburse Halcyon for the sums it paid in connection with the collision.
On December 14, 2000, Halcyon made a motion for partial summary judgment as to the issue of coverage. Likewise, Empire made a motion for summary judgment the following day. The trial court granted Halcyon's motion for summary judgment as to coverage and denied Empire's summary judgment motion on February 15, 2001. Empire appealed that judgment, but this Court dismissed that appeal on April 23, 2001, for lack of jurisdiction and remanded the case. This Court found that jurisdiction was lacking because a final adjudication had not occurred as to the issue of indemnification.
Upon remand, the trial court issued a stipulated judgment entry, wherein the parties consented to the court's order that Empire indemnify Halcyon, the amount of such indemnification, and that Count II of the complaint, the bad faith claim, be dismissed without prejudice. This appeal followed, and Empire now asserts two assignments of error with the trial court's February 15, 2001 judgment.
 The Trial Court Erred In Denying Appellant Empire's Motion For Summary Judgment Because Pursuant To Both Ohio Statutory Law And The Rental Agreement Entered Into Between Cheaper Car Rental And Shurelds, Appellee Is Not Entitled To Indemnification Under The Cheaper Car Rental Policy.
 The Trial Court Erred In Denying Appellant Empire's Motion For Summary Judgment Because The Supreme Court Of Ohio's Decision In State Farm Mut. Auto. Ins. Co., v. Home Indemnity Ins. Co. Has No Effect On The Underlying Cause Of Action, But Rather, Monroe Guaranty Ins. Co. v. Hartford Steam Boiler Is Controlling.
As Empire's assignments of error relate to the issue of summary judgment, this Court will address them together.
In reviewing a grant of summary judgment, appellate courts are to apply a de novo standard. Lorain Nat'l Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. Thus, such a grant will be affirmed only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In addition, "summary judgment shall not be rendered unless it appears * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence construed most strongly in his favor." Id. The moving party may make his motion for summary judgment in his favor "with or without supporting affidavits[.]" Civ.R. 56(B). However, summary judgment should be granted with caution, with a court construing all evidence and deciding any doubt in favor of the nonmovant. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 360.
Empire maintains that the trial court should have granted summary judgment in its favor because Shurelds entered into an agreement with Cheaper Car Rental, whereby she agreed to be responsible for obtaining automobile insurance for her use of the 1995 Plymouth Neon that she rented from Cheaper Car Rental. In addition, Empire contends that such an agreement is permissible in accordance with Ohio Revised Code section4509.101(I).
However, the evidence before this Court does not include a copy of any rental agreement between Shurelds and Cheaper Car Rental, much less an affidavit attesting to the truth and accuracy of such a copy as is required by Civ.R. 56(C). The only rental agreement before this Court is a blank specimen of an agreement, attached as Exhibit A to the MemorandumContra of Plaintiff to Defendant's Motion for Summary Judgment, filed on December 27, 2000, and the truth and accuracy of this agreement is not supported by any affidavit. Also, this agreement contains no signatures and no provision similar to the one to which Empire refers in its brief. This Court cannot reach the merits of Empire's argument without the necessary evidence properly before it nor could the trial court. Therefore, Empire's first assignment of error is overruled.
As to the effect of the excess clause contained within the policy between Halcyon and Shurelds and the escape clause contained within the policy between Empire and Cheaper Car Rental, this Court finds, as did the trial court, that the decision of the Ohio Supreme Court in State FarmMut. Auto. Ins. Co. v. Home Indemnity Ins. Co. (1970), 23 Ohio St.3d 45, is determinative of this issue. While Empire asserts that the decision of the Eleventh District Court of Appeals in Monroe Guar. Ins. Co. v.Hartford Steam Boiler Inspection and Ins. Co. (March 31, 2000), Trumbull App. No. 98-T-0135, unreported, 2000 WL 522326, should be controlling, this Court disagrees. Of course, the decision of any district court of appeals may provide persuasive authority, but its decisions are not binding on other districts. However, in any event, the policies at issue in Monroe are dissimilar from the ones presently before this Court, as are the facts surrounding that decision.
The trial court thoroughly discussed the State Farm decision, and this Court finds that court's summation to be accurate. The trial court, in discussing State Farm, summarized the facts in that case as follows:
 [A] driver operating a borrowed car caused an accident. The driver's insurance company satisfied the claims and then commenced an action to recover the payments from the car owner's insurer. The driver's policy contained an "excess" provision that, like the one in the Halcyon policy, stated that coverage for a temporary substitute automobile would be excess over any other collectible insurance. The owner's policy, on the other hand, only provided coverage to an individual borrowing the covered auto where no other insurance was available to that individual.
In State Farm, the supreme court held:
 Where an insurance policy insures a loss `only if no other valid and collectible automobile liability insurance, either primary or excess * * * is available,' and another insurance policy insures the same loss only as to the `excess over other collectible insurance,' the latter provision will be given effect; thus, the former policy will be held to furnish the insurance for the loss.
State Farm, 23 Ohio St.3d at the syllabus. The supreme court found that the excess provision did not concede "basic or primary liability on the part of the (State Farm) policy of which it [was] a part." Id. at 47. However, the court found that the escape clause was "innately obligatory" in that a policy containing such a provision would insure any loss as long as "either no other valid and collectible primary automobile insurance or no other valid and collectible excess automobile insurance is available to the insured." Id. at 47-48.
Essentially, a policy containing an escape clause is considered the primary insurance when construed with another policy containing an excess clause because by the terms of the escape provision it concedes that it is primary unless there is other applicable insurance. An excess provision "simply limits liability to the excess over other collectible insurance" and as such it does not provide insurance unless the amount to be paid is greater than what the limits of the primary policy provide.Id. at 47. Thus, the excess provision prevents the policy of which it is a part from becoming applicable until the primary policy's limits do not provide adequate compensation. This Court consequently finds that by operation of law Halcyon's excess provision is to be given effect; thus, Empire's policy, containing the escape clause, must furnish the insurance for the loss. Therefore, Empire's second assignment of error is overruled.
For the foregoing reasons, the judgment of the Common Pleas Court of Allen County is affirmed.
WALTERS, P.J., and HADLEY, J., concur.