MURPHY, APPELLEE AND CROSS-APPELLANT, *v.* CITY OF REYNOLDSBURG ET AL.; EBY ET AL., APPELLANTS AND CROSS-APPELLEES.

[Cite as *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356.]

(No. 91–2023—Submitted November 9, 1992—Decided December 11, 1992.)

*Spater, Gittes, Schulte & Kolman, Alexander M. Spater* and *Samuel Walters,* for appellee and cross-appellant.

*Matan & Smith* and *James D. Colner,* for appellants and cross-appellees.

ALICE ROBIE RESNICK, J. Civ.R. 56(C) places a clear duty on a trial court to examine all appropriate materials filed by the parties before it when ruling on a motion for summary judgment. We find that the trial court's failure to comply with the mandates of Civ.R. 56(C) in this case constitutes reversible error. For the reasons which follow, we reverse the judgment of the court of appeals and remand this cause to the trial court.

Civ.R. 56(C) provides that, when a party moves for summary judgment: " * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * * "

" 'Summary judgment is a procedural device to terminate litigation and to avoid a formal trial where there is nothing to try. It must be awarded with

caution, resolving doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. * * * ' " *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 2, 24 O.O.3d 1, 2, 433 N.E.2d 615, 616. Recently, this court reiterated that, because summary judgment is a procedural device to terminate litigation, it must be awarded with caution. Doubts must be resolved in favor of the non-moving party. *Osborne v. Lyles* (1992), 63 Ohio St.3d 326, 333, 587 N.E.2d 825, 831.

The wording of Civ.R. 56(C) makes it clear that a trial court must conscientiously examine all the evidence before it when ruling on a summary judgment motion. At the hearing in this case the trial court stated, "I haven't read your motion. I haven't read your briefs. So, educate me." In addition to the motions and other pleadings the parties filed the depositions of numerous witnesses. Plaintiff alone filed in excess of two thousand pages of deposition testimony. From the statement of the trial judge it can readily be seen that the trial court did not conduct even a cursory review of these depositions. These depositions were crucial to a determination whether genuine issues of material fact did exist in this case. It is evident that this case arguably raised issues beyond whether there was probable cause to stop plaintiff. Only by conducting a thorough examination of the record could the trial court properly rule on the Civ.R. 56 motion. Specifically, one of plaintiff's claims was based on the presence of a widespread custom of discrimination within the city of Reynoldsburg's police force. Even though a particular practice is not explicitly authorized by city officials, where the practice is sufficiently persistent and widespread it may constitute a custom that represents municipal policy. See *Matthias v. Bingley* (C.A.5, 1990), 906 F.2d 1047, 1054, quoting *Webster v. Houston* (C.A.5, 1984), 735 F.2d 838, 841. See, also, *McConney v. Houston* (C.A.5, 1989), 863 F.2d 1180, 1184 ("Sufficiently numerous prior incidents of police misconduct * * * may tend to prove a custom and accession to that custom by the municipality's policymakers."). Hence, it becomes clear that a thorough examination of all depositions and other appropriate materials filed with the trial court was absolutely necessary in order for it to determine whether plaintiff raised a genuine issue of material fact regarding the presence of such a policy or custom.

The court of appeals recognized that Civ.R. 56(C) imposes an absolute duty upon a trial court to read and consider all pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact when ruling on a motion for summary judgment. See *Smith v. Hudson* (C.A.6, 1979), 600 F.2d 60, 63–64. However, the court of appeals went on to hold that the trial court's failure to comply with this

duty was not prejudicial to plaintiff. The court of appeals reasoned that, in reviewing a grant of a motion for summary judgment, it was required to apply the same standards as were applied by the trial court. An appellate court (like a trial court) must examine the record to determine whether there is any genuine issue of material fact. An appellate court reviewing a trial court's decision to grant a Civ.R. 56(C) motion must look at the evidence in a light most favorable to the non-moving party, construing all doubt in favor of that party. The court of appeals concluded that its independent consideration of the record could, in effect, cure the trial court's failure to examine the evidence. We cannot accept that conclusion. A reviewing court, even though it must conduct its own examination of the record, has a different focus than the trial court. If the trial court does not consider all the evidence before it, an appellate court does not sit as a reviewing court, but, in effect, becomes a trial court. The clear language of Civ.R. 56(C) prevents us from sanctioning the interpretation given by the court of appeals.

The grant of a Civ.R. 56 motion terminates litigation without giving the opposing party the benefit of a trial on the merits. The requirements of the rule must be strictly enforced. Compliance with the terms of Civ.R. 56(C) is of fundamental importance at the trial court level, where the initial examination of the evidence occurs, and where the issues framing the litigation are shaped. When, as in the case before us, a trial court does not examine the evidence presented on the motion for summary judgment, but makes its ruling entirely based on oral argument presented by the parties, the trial court disregards the mandatory duties placed upon it by Civ.R. 56(C). The rule mandates that the trial court make the initial determination whether to award summary judgment; the trial court's function cannot be replaced by an "independent" review of an appellate court.

In conclusion, we hold that Civ.R. 56(C) places a mandatory duty on a trial court to thoroughly examine all appropriate materials filed by the parties before ruling on a motion for summary judgment. The failure of a trial court to comply with this requirement constitutes reversible error. We remand this cause to the trial court to conduct a conscientious examination of the record to determine whether summary judgment is appropriate. The trial court should give no deference to the review of the record already conducted by the court of appeals, but should conduct its own examination of all appropriate materials.

Accordingly, the judgment of the court of appeals is reversed, the opinion of the court of appeals is vacated, and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS and WRIGHT, JJ., concur.

H. BROWN, J., concurs separately.

HERBERT R. BROWN, J., concurring. I concur in the reasoning by which the majority reverses the judgment of the court of appeals and remands this case to the trial court. However, I write to express my belief that the record before us indicates triable issues on plaintiff's Section 1983 and 1985 claims.

The issue in the Section 1983 claim is not whether there was probable cause to stop Murphy, but whether he was stopped because he was black. In other words, if Murphy was white would the police have stopped him? Was there evidence of selective enforcement in Reynoldsburg? In my opinion, the record contains enough evidence of selective enforcement to preclude granting a summary judgment.

The United States Supreme Court in *Yick Wo v. Hopkins* (1886), 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220, recognized that a law may be fair on its face and impartial in appearance, yet violate a person's constitutional rights if it is applied and administered with "an evil eye and an unequal hand." *Id.* at 373–374, 6 S.Ct. at 1073, 30 L.Ed. at 227. If the law is selectively applied against a person by reason of race, the constitutional violation can be redressed by the victim in a civil action under Section 1983. *Herrera v. Valentine* (C.A.8, 1981), 653 F.2d 1220. However, in order for selective enforcement to be unconstitutional discrimination it must be "intentional or purposeful." *Snowden v. Hughes* (1944), 321 U.S. 1, 8, 64 S.Ct. 397, 401, 88 L.Ed. 497, 503.

If, for example, the police department had a policy of stopping speeding cars only if they were going over 62 miles per hour in a 55-miles-per-hour zone, but making an exception for blacks who were pulled over at 57 miles per hour, that would violate Section 1983. Though the crime of speeding was committed by the driver clocked at 57 miles per hour, that driver was still the victim of selective enforcement based on race.

In the present case there is evidence which could support a finding that the Reynoldsburg police intentionally stopped blacks for infractions that would not have caused whites to be stopped. Thus, even if there is evidence of probable cause for a stop, that stop can constitute selective enforcement and be a violation of Section 1983.

Whether, in the present case, there was a selective enforcement which violated plaintiff's rights under Section 1983 is a question the trier of fact should decide.

Likewise, the evidence before the trial court, when construed most strongly in plaintiff's favor, is sufficient to prevent summary judgment on plaintiff's Section 1985 conspiracy claim.

I believe this case should be remanded with instructions to proceed to trial on both the Section 1983 claim and the Section 1985 claim.