DECISION.
On December 24, 1998, we issued a decision that reversed a final judgment of the trial court and remanded this case for further proceedings. We stated the following:
 In the entry granting Dr. Moravec's motion for summary judgment on liability, the court stated that it had reviewed "all of the depositions, affidavits and exhibits submitted" by the parties. However, a review of the record of this case makes it clear that at least one of the depositions was never reviewed at all, since it still bears an unbroken seal and its contents are not otherwise among the material that was presented to the trial court. * * * As a result of the unsealed deposition in this case, the trial court erred in granting summary judgment on the issue of liability, and we must, accordingly, reverse the final judgment thereafter entered in favor of Dr. Moravec following the assessment of damages. We remand the cause for further proceedings.
Upon remand, the trial court granted plaintiff-appellee's motion for summary judgment on liability and denied the defendants-appellants' motion for summary judgment. The trial court was under the mistaken assumption that the remand affected only that portion of its final judgment regarding liability and did not affect the portion of the judgment regarding damages. So, after the remand, without a retrial of the damages portion of the case, the trial court entered the same monetary judgment on damages. However, as is evident from the language quoted above, the final judgment of the trial court, which included a determination of damages and a resolution of the counterclaims and the third-party complaint, was reversed.
Furthermore, our review of the record reveals that, once again, at least one of the depositions still bears an unbroken seal. Civ.R. 56(C) imposes an absolute duty upon a trial court to read and consider all pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact when ruling on a motion for summary judgment.[1] In his oral argument before this court, plaintiff-appellee asserted that this court should, as part of its de novo review of the summary judgment, open and consider the sealed depositions in the record. However, the Supreme Court of Ohio has rejected such an interpretation of Civ.R. 56(C):
 A reviewing court, even though it must conduct its own examination of the record, has a different focus than the trial court. If the trial court does not consider all the evidence before it, an appellate court does not sit as a reviewing court, but, in effect, becomes a trial court. The clear language of Civ.R. 56(C) prevents us from sanctioning [such an] interpretation * * *."[2]
Therefore, we again reverse the judgment of the trial court, including (1) the grant of partial summary judgment in favor of plaintiff-appellee, (2) the denial of the motion for summary judgment of defendants-appellants, (3) plaintiff-appellee's motion to supplement the record, (4) the award of damages in the amount of $139,044.20, and (5) the order that plaintiff-appellee transfer his shares of stock in Ear, Nose Throat Clinic, Inc., to defendants-appellants. We remand this case for further proceedings. As the trial court reconsiders the motions for summary judgment, it is instructed to read and consider all pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been timely filed in the action.
Judgment reversed and cause remanded.
 HILDEBRANDT, P.J., GORMAN and WINKLER, JJ.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.
[1] See Civ.R. 56(C); Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 359, 604 N.E.2d 138, 140.
[2] Id.at 360, 604 N.E.2d 138, 141.