DECISION AND JUDGMENT ENTRY
This matter is before the court on a judgment of the Lucas County Court of Common Pleas, which granted the summary judgment motion of appellee, Duane Peterson, M.D. The following facts are relevant to this appeal.
On November 3, 2000, appellant, Bobbie Doom, filed a complaint alleging that she became addicted to prescription medication prescribed by appellee, and that she had sought treatment for her addiction. Appellant also alleged that on several occasions appellee administered injections to her without her informed consent and against her will. Appellant stated in her complaint that she was employed by appellee as a medical assistant from May 1993 to October 1997, and that she was involved in a personal relationship with appellee throughout her term of employment, continuing until November 1999.
Appellee filed his answer, as well as a motion for summary judgment supported by an affidavit December 4, 2000. In his affidavit, appellee claimed that he had had no physical contact with appellant, including administering injections, and that he had not written any prescriptions for appellant "since prior to November 1, 1999." Appellee based his summary judgment motion on the fact that the one-year statute of limitations had passed.
Appellant filed a motion for extension of time on February 23, 2001, requesting an additional two weeks within which to file her response to appellee's summary judgment motion. Appellee filed a memorandum contra appellant's motion on February 27, 2001, in which he argued that appellant's two-and-one-half-month delay in filing did not constitute "excusable neglect" pursuant to Civ.R. 6(B)(2). The trial court granted appellant's motion, giving her until March 9, 2001 to file her response.
On April 13, 2001, the trial court granted appellee's motion for summary judgment and dismissed appellant's case with prejudice, noting that appellant had failed to respond to appellee's motion.
Appellant filed her notice of appeal May 15, 2001. In her sole assignment of error, appellant asserts that:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT."
The standard applicable to this case is found in Civ.R. 56, which provides for the granting of summary judgment when "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327. Civ.R. 56(C) specifically provides:
 "(C) * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact * * *." (Emphasis added.)
The party moving for summary judgment under Civ.R. 56 bears the burden of showing that there is no genuine issue of material fact on the essential elements of the nonmoving party's claim. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. If the moving party satisfies this burden, the nonmoving party has a reciprocal burden, as outlined in Civ.R. 56(E), to set forth specific material facts showing that there is a genuine issue for trial. Id. Specifically, Civ.R. 56(E) states:
 "(E) * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." (Emphasis added.)
Loc.R. 5.04(D) and (F) state:
 "D. Opposition. An opposing party may serve and file a memorandum in opposition to any motion. The filing shall be made within 14 days after service.
 "F. Submission Date. Any motion shall be deemed submitted to the assigned judge on the 18th day after it is filed with the court or when a memorandum in opposition is filed. If a party has filed a reply brief, the original motion shall be deemed submitted on the earlier of the filing of the reply brief, or the 11th day after the filing of the memorandum in opposition."
We note that in her brief, appellant relies on Murphy v. Reynoldsburg
(1992), 65 Ohio St.3d 356 to support her claim that the trial court committed reversible error by granting appellee's motion for summary judgment. However, Murphy is distinguishable from this case. InMurphy, the trial court failed to read any of the thousands of pages of briefs and depositions submitted by the parties to a summary judgment action, and announced this fact in open court just prior to reaching its decision.
The record in this case reveals that the trial court did not fail to examine material submitted. There was no response from appellant to examine. The trial court gave appellant until March 9, 2001 to file a response to appellee's December 4, 2000 motion for summary judgment. Appellant failed to file a response. Therefore, the trial court was well within its jurisdiction to rule on the motion based on the affidavit provided by appellee. Thus, appellant's assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J., JUDGES, CONCUR.