DECISION
Defendants-appellants Michael S. Shinoskie and Ellen E. Shinoskie appeal from a judgment of the Franklin County Court of Common Pleas in favor of plaintiff-appellee, Dominion Homes, Inc. ("Dominion"), in the property-line dispute which opposes the parties.
Appellants own and reside upon an approximately five-acre tract near Groveport, Ohio. An adjacent parcel has been subdivided and developed by Dominion (initially under the company's former name of Borror Corporation) beginning in 1994. The Shinoskies' ownership of their parcel substantially predates Dominion's development of the adjoining land, as the Shinoskies' originally recorded their deed in 1978. Dominion has marketed its residential development under the name of Bixford Green. The Shinoskies' property is contiguous to four lots, numbers forty-four through forty-seven, and a reserve controlled by the Bixford Green Homeowners Association, on the north lot line of the Shinoskies' property and, thus, the southern lot line of reserve A and the four lots. All four lots were built and sold to residential owners by Dominion prior to the inception of the present lawsuit. On the east side of the Shinoskies' property lies another reserve, "reserve `B,'" through which the Shinoskies have an easement for access to their property. The present dispute appears to concern only the correct location of the north lot line of the Shinoskies' property.
Through the course of their ownership, the Shinoskies based their lot lines on pins and monuments identified in prior surveys. As Dominion began developing Bixford Green, the Shinoskies became concerned that a small pond existing on their property might become an attractive nuisance to the small children of families occupying the new homes. The Shinoskies' erected a new fence to reduce the liability exposure presented by the pond. A short time after installing the fence, the Shinoskies obtained a new survey by Perry and Associates ("the Perry survey") which reconfirmed the location of the existing pins and lot lines, coinciding with a row of trees planted by the Shinoskies many years before.
The Perry survey called to the Shinoskies attention the fact that survey pins placed by Hockaden and Associates, Inc. ("the Hockaden survey") in connection with the development of Bixford Green had placed the south lot line of the adjoining Bixford Green lots and reserve some seven to nine inches inside the north boundary of the Shinoskies' property line as defined by the Perry and prior surveys. One immediate concern was the possibility the Shinoskies' new fence might be found to have been constructed upon the adjoining lots and reserve.
An exchange of correspondence between attorneys ensued in an attempt to resolve the boundary dispute created by the competing surveys. Interestingly enough, the parties are in complete agreement that the various metes and bounds descriptions found in the deeds through which the parties claim ownership to their respective properties are not in conflict, and that the conflicting surveys are thus based upon identical legal descriptions of the land.
The parties were unable to resolve their differences, and in 1998 counsel for the Shinoskies filed a purported notice of lis pendens, which the trial court subsequently found to be defective in several respects, attempting to cloud title on residential lots in Bixford Green. This notice of lis pendens does not appear to have impeded Dominion's ability to convey lots in the subdivision, particularly the four lots adjoining the Shinoskies, which all appear to have sold after filing of the notice.
Dominion initiated the present litigation filing a complaint in 1999 seeking to quiet title pursuant to R.C. 5303.01. Dominion also sought declaratory judgment that the notice of lis pendens was invalid, that fencing and landscaping erected by the Shinoskies trespassed upon Dominion's property, and that the boundary should be set as delineated in the subdivision plat and according to the Hockaden survey. The petition also sought damages for slander of title based upon the unlawful filing of the notice of lis pendens, and tortious interference with business relationships.
Appellants responded with counterclaims for trespass, declaratory judg-ment, and to quiet title. The Shinoskies also raised several counterclaims concerning the respective obligations of the parties regarding the Shinoskies' access easement. These last claims are still pending in the trial court and are not before us on appeal.
The issues which are before us on appeal were decided upon cross-motions for summary judgment in the trial court. In support of summary judgment, Dominion presented an affidavit of Frank Long, a licensed surveyor, who has supervised the work done for Dominion. This affidavit supported the pin placement of the Hockaden survey relied upon by Dominion. The Shinoskies responded, not with the corresponding affidavits of a surveyor or other expert, but with their personal affidavits regarding the information related to them by their surveyors and the Shinoskies' personal observation of prior preexisting pins and monuments upon which they based their lot line. The Shinoskies also presented the invoice and plat prepared by the Perry Company in connection with their 1997 survey. In addition, the Shinoskies argued that the matter should be dismissed or, in the alternative, they should be granted summary judgment, because Dominion lacked standing to bring an action to quiet title, since Dominion had at no time during the course of the litigation held title to any of the property in dispute.
The trial court rendered summary judgment in favor of the Shinoskies on Dominion's claims for slander of title and tortious interference with business relationships. That aspect of the trial court's judgment has not been appealed. The trial court further found, however, that Dominion was entitled to summary judgment on the lot line dispute because the Shinoskies' affidavit failed to raise a material issue of fact regarding the location of the disputed boundary line, and that the Shinoskies' personal affidavits did not constitute competent evidence, for purposes of summary judgment, to oppose the expert testimony of Dominion's surveyor, Frank Long. The trial court further found that Dominion had standing to bring a quiet title action based upon its position as conveyor of a warranty deed to the present residential lot owners, and consequent exposure to action by any current residential owners who should find their title impaired. Lastly, the court found that the purported notice of lis pendens filed by the Shinoskies was a nullity because it failed to comply with statutory requirements.
Appellants have timely appealed and bring the following assignments of error:
ASSIGNMENT OF ERROR NO. 1:
 I. Appellants contend that the trial court erred by not granting Appellants' Motion to Dismiss, or in the alternative, for Summary Judgment upon the ground that Appellee did not have standing to litigate a case to determine the boundary line of the property at issue.
ASSIGNMENT OF ERROR NO. 2:
 II. Appellants contend that the trial court erred by granting Appellee's Motion for Summary Judgment due to the alleged existence of genuine issues of material fact.
ASSIGNMENT OF ERROR NO. 3:
 III. Appellants contend that the trial court erred by granting Appellees' Motion for Summary Judgment on its claim for declaratory judgment pursuant to Ohio Revised Code § 2721.12 in the absence of the joinder of necessary parties.
ASSIGNMENT OF ERROR NO. 4:
 IV. Appellants contend that the trial court erred by granting Appellee's Motion for Summary Judgment on its claim for quiet title pursuant to Ohio Revised Code § 5303.01.
Appellants' first and third assignments of error are dispositive of this appeal and will be addressed first. Appellants' first assignment of error contends that the trial court erred when it failed to grant appellants' motion to dismiss or, in the alternative, for summary judgment, on the basis that Dominion lacked standing to bring a quiet title action. R.C. 5303.01, governing actions to quiet title, provides that:
 An action may be brought by a person in possession of real property, by himself or tenant, against any person who claims an interest therein adverse to him, for the purpose of determining such adverse interest. Such action may be brought also by a person out of possession, having, or claiming to have, an interest in remainder or reversion in real property, against any person who claims to have an interest therein, adverse to him, for the purpose of determining the interests of the parties therein.
Where a party bringing a quiet title action lacks either possession or a claim of an interest in remainder or reversion, the action may not be maintained. Paden v. Miller (2001), Guernsey App. No. 00CA29. It is undisputed in the present case that Dominion sold the four lots abutting the Shinoskies' property prior to commencement of this action, and that the abutting "reserve A" is in possession by the Bixford Green Homeowners Association. Dominion claims only that its exposure as grantor of warranty deeds to the current residential owners of the lots, and the fact that Dominion exercises some "control" over the homeowners association in possession of reserve "A," grants it sufficient interest in the property to bring a quiet title action. Dominion cites no authority on point supporting this proposition which is clearly contrary to the black-letter law cited above. In the absence of actual possession or an interest in remainder or reversion, we find that Dominion lacked standing to bring the quiet title action and the trial court erred in failing to dismiss this aspect of Dominion's complaint. Appellants' first assignment of error has merit and is sustained.
Appellants' third assignment of error asserts that the trial court erred in granting Dominion's motion for summary judgment on its declaratory judgment claim in the absence of joinder of necessary parties, including the current owners of lots forty-four through forty-seven. Dominion asserts on appeal that the issue of lack of joinder of necessary parties was not raised in opposition of summary judgment, and is not properly before this court on appeal. The matter, however, was decided on summary judgment; and our review on appeal is de novo, based upon all the evidence adduced in support of and in opposition to summary judgment, and applicable law. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356. R.C. 2721.12 provides that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration." The current homeowners were not parties to the action in the trial court, and declaratory judgment, even if favorable to them in the outcome, could not be rendered. Appellants' third assignment of error accordingly has merit and is sustained.
Appellants' second and fourth assignments of error relating to the appropriateness of granting summary judgment for Dominion, are rendered moot in light of our disposition of the first and third assignments of error. We further note that, to the extent certain issues were decided by the trial court and not raised in this appeal, the judgment of the trial court is not disturbed by this decision. This would include the trial court's determination that the notice of lis pendens filed by the Shinoskies was defective, and the grant of summary judgment in favor of the Shinoskies on Dominion's claims for slander of title and tortious interference with business relationships.
In accordance with the foregoing, appellants' first and third assignments of error are sustained. Appellants' second and fourth assignments of error are rendered moot, and the matter is remanded to the Franklin County Court of Common Pleas for further proceedings in accordance with law and consistent with this decision.
Judgment affirmed in part; reversed in part, and cause remanded.
LAZARUS and BROWN, JJ., concur.