DECISION
{¶ 1} Plaintiff-appellant, Osagie Victor Obasuyi, appeals from an order of the Ohio Court of Claims granting summary judgment in favor of defendant-appellee, Wright State University.
{¶ 2} Appellant filed his action on March 21, 2001, alleging that appellee had wrongfully converted $2,390.54 in student loan funds which appellant had received in the form of a check and endorsed to appellee in September 1984. Appellant claimed he was not aware that appellee had accepted these funds and asserted appellee never applied them to his student account, and therefore he should not be liable for failing to pay back the loan, and should receive the face value of the check plus damages.
{¶ 3} In granting summary judgment, the Court of Claims found that appellant's cause of action arose, at the latest, in 1995, so that the statute of limitations barred him from asserting his claim in 2001. In so holding, the court stated:
{¶ 4} "Plaintiff contends that he was unaware of defendant's receipt of the proceeds from a student loan check issued to him by Citibank in September 1984. However, the evidence clearly shows that the check was issued payable to `Obasuyi, Osagie V c/o Financial Aid Officer Wright State University ***.' Moreover, plaintiff endorsed the check and turned it over to an employee in the bursar's office at Wright State University (WSU) in September 1984. However, plaintiff contends that he was unaware of whether the loan process was complete, as he routinely signed documents in the bursar's office. The court finds plaintiff's argument unpersuasive. * * *"
{¶ 5} Appellant now raises the following as error:
{¶ 6} "I. THE TRIAL COURT ERRED IN GRANTING THE DEFENDANTS' [sic] MOTION FOR SUMMARY JUDGMENT[.]
{¶ 7} "II. THE TRIAL COURT ERRED IN DENYING THE PLAINTIFFS' [sic] MOTION FOR SUMMARY JUDGMENT[.]"
{¶ 8} Appellant's first assignment of error charges that the trial court should not have granted summary judgment in appellee's favor because appellant's cause of action was not time-barred by the statute of limitations, R.C. 2743.16(A).
{¶ 9} According to appellant's deposition, he received an offer for a student loan from Citibank while he was a student at appellee university. He accepted the offer and a check was sent to the bursar's office for him to sign. He was called into the bursar's office in September 1984, endorsed the check and left. He explained he never questioned what appellee did with the money because he had been in the regular habit of receiving student loan amounts and signing for them at the bursar's office, and he trusted appellee to apply the money to his account without his further involvement. He stated that it was not until he was notified by the United States Department of Education that he was in default on his student loans, and not until he contacted appellee in 1995 to ask about the loan amounts, that he became aware that appellee had not applied the check for $2,390.54 toward his tuition. He further asserted it was not until 1999, when the Department of Education provided the cancelled check as evidence in its action against him in federal court for having defaulted on his loans that his cause of action against appellee accrued.
{¶ 10} In considering whether a grant of summary judgment is appropriate, "[a]n appellate court (like a trial court) must examine the record to determine whether there is any genuine issue of material fact. An appellate court reviewing a trial court's decision to grant a Civ.R. 56(C) motion must look at the evidence in a light most favorable to the non-moving party, construing all doubt in favor of that party." Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 360.
{¶ 11} In O'Stricker v. Jim Walter Corp. (1983), 4 Ohio St.3d 84, the Ohio Supreme Court stated: "The rationale underlying statutes of limitations is fourfold: to ensure fairness to defendant; to encourage prompt prosecution of causes of action; to suppress stale and fraudulent claims; and to avoid the inconvenience engendered by delay, specifically the difficulties of proof present in older cases." Id. at 88, citing Harig v. Johns-Manville Products Corp. (1978), 284 Md. 70, 75,394 A.2d 299. Statutes of limitation recognize that a litigant has to promptly raise his claim or lose the opportunity to do so. The legislature, in R.C. 2743.16(A), has mandated that in civil actions against the state this time period must be within two years of the accrual of the cause of action.
{¶ 12} This court has examined the record in this case, and we agree with the trial court that, viewing the evidence in a light most favorable to appellant, appellant's cause of action accrued, at the latest, with the commencement of the collection action against him by the Department of Education in 1995. In response to that action, appellant contacted appellee and learned of the discrepancy regarding the endorsed check. Yet appellant did not file this cause of action until 2001. R.C. 2743.16(A) required him to have filed his action no later than 1997. Consequently, appellant's action was time-barred, and the trial court was justified in concluding there was no genuine issue of material fact as to whether the action was timely filed. We thus overrule appellant's first assignment of error.
{¶ 13} Appellant's second assignment of error charges that the trial court erred in denying his motion for summary judgment. However, appellant never filed a motion for summary judgment. Based upon the fact that appellant never sought summary judgment in the trial court and upon our discussion and conclusion regarding his first assignment of error, appellant's second assignment of error is overruled.
{¶ 14} Appellant's first and second assignments of error are overruled and the order of the Ohio Court of Claims granting summary judgment in appellee's favor is affirmed.
Judgment affirmed.
PETREE and BROWN, JJ., concur.