OPINION
{¶ 1} This is an appeal and a cross-appeal from an order of the court of common pleas that denied a post-judgment motion asking the court to rule on pretrial motions on which the court had not expressly ruled when it journalized its final judgment in the action at the conclusion of a trial. The court held that the pretrial motions were denied, implicitly, when it entered the final judgment, and that the court therefore lacked jurisdiction to rule on the postjudgment motion before it. We agree, and will affirm.
 {¶ 2} The action underlying this appeal was commenced by Carol S. Roberts on March 23, 2000, on claims for indemnification for personal injuries Roberts suffered while an employee of Emery Worldwide Airlines. The indemnification Roberts sought was made available under the uninsured/underinsured motorist coverage provisions of two policies of automobile liability insurance. The defendants in the action were Robert's own insurer, State Farm Insurance company ("State Farm"), and Emery's insurer, National Union fire Insurance Co. ("National Union"). State Farm's policy limits were $100,000.00. National Union's were $5,000,000.00.
 {¶ 3} Roberts settled her claim against State Farm for $100,000.00 in March of 2001. Roberts assigned State Farm any and all interests she had on her claim. State Farm remained a party in the action.
 {¶ 4} The State Farm and the National Union policies each contain pro-rata provisions allowing an adjustment of the insurer's coverage obligation in proportion to other coverage available. State Farm's $100,000.00 policy limit payment is but 1.96% of the total available coverage, if National Union's $5,000,000.00 policy limits are also available.
 {¶ 5} On October 26, 2001, State Farm moved for summary judgment against National Union, seeking a pro-rata contribution from National Union for its share of the $100,000.00 State Farm had paid Roberts. The court had not ruled on State Farm's motion for summary judgment when, on January 17, 2002, State Farm moved for leave to amend its pleadings in order to file a cross-claim against National Union for indemnity and/or contribution. The trial court had not ruled on either motion State Farm filed when the trial on Roberts' claim against National Union commenced on January 22, 2002. Three days later, the jury returned a verdict for Roberts and against National Union for $92,000.00.
 {¶ 6} National Union moved to reduce the amount of any judgment founded on the jury's $92,000.00 verdict against it by the $100,000.00 State Farm had paid Roberts. The trial court granted the motion on January 28, 2003, reducing Roberts' judgment against National Union to zero. Roberts appealed. On appeal, we affirmed the trial court's reduction order. Roberts v. State Farm, 155 Ohio App.3d 535,2003-Ohio-5398.
 {¶ 7} Subsequent to our decision, on October 31, 2003, State Farm filed a further motion in the trial court, asking the court to rule on State Farm's undecided motions for summary judgment and for leave to file a cross-claim against National Union. The trial court denied the post-judgment motion State Farm filed, holding that it lacked jurisdiction to grant the relief requested. State Farm filed a timely notice of appeal. National Union cross-appealed.
 {¶ 8} State Farm's Assignment of Error
 {¶ 9} "The trial court erred in denying appellant state farm's motion for summary judgment."
 {¶ 10} State Farm argues that the trial court's failure to expressly rule on its motion for summary judgment necessarily prejudiced State Farm because it prevented State Farm from prosecuting its claims against National Union for indemnification and contribution. That contention would likewise, and more particularly, apply to the court's failure to expressly rule on State Farm's motion for leave to amend.
 {¶ 11} However, the threshold question in this appeal is whether State Farm's post-judgment motion properly brought those issues before the court.
 {¶ 12} It is presumed that a trial court overrules any pretrial motion on which it has failed to rule prior to commencement of the trial. Stateex rel. The V. Cos. v. Marshall (1998), 81 Ohio St.3d 467. We declined to apply the presumption in Nations Credit v. Phenis (1995),102 Ohio App.3d 998, on which State Farm relies, because to do so would be inconsistent with a finding of other error on which we reversed the judgment from which the appeal was taken. That is not the case here. Neither are we confronted with the circumstance in Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, cited in Phenis, which held that the trial court erred when it ruled on a motion for summary judgment without reviewing materials submitted in opposition to the motion. Therefore, and absent any contrary indication, it is presumed that the trial court overruled State Farm's motion for summary judgment because the court had not ruled on the motion when the trial on Robert's claim against National Union commenced.
 {¶ 13} When a trial court enters and journalizes a final judgment that grants relief adverse to or inconsistent with relief sought in motions that were filed in an action and overruled by the court, the movant is potentially prejudiced. That ruling and any resulting prejudice presents the movant with grounds for appeal. The corresponding right of appeal must be timely exercised, and if it is not the movant waives any error arising from the court's ruling on the motion, notwithstanding any resulting prejudice the movant may have suffered.
 {¶ 14} The trial court's judgment of January 28, 2003, reducing the amount of the judgment based on the prior $92,000.00 verdict against National Union to zero is a final judgment that granted relief inconsistent with the relief State Farm had sought in its motion for summary judgment. State Farm was prejudiced as a result. However, and unlike Roberts, State Farm failed to appeal from the January 28, 2003 judgment.[1] That failure waives any error the trial court may have committed when it failed to expressly rule on State Farm's motion for summary judgment, and presumably denied it. State Farm cannot avoid the effects of its own failure to act by filing a post-judgment motion asking the court to rule on the same pretrial summary judgment motion the court had overruled, if only presumptively.
 {¶ 15} Neither do we find any merit in State Farm's claim that the trial court erred when the court implicitly overruled the motion for summary judgment State Farm filed on October 26, 2001. State Farm had not then pleaded a Civ.R. 8(A) claim on which summary judgment could be granted. Perhaps realizing its oversight, on January 17, 2002, State Farm moved pursuant to Civ.R. 15 for leave to amend its pleadings to add such a claim in the form of a cross-claim against National Union. That motion for leave was not expressly ruled upon before the trial commenced; and that motion is likewise presumed to have been overruled by the court.
 {¶ 16} The trial court was correct when it held that it lacked jurisdiction to grant the relief State Farm sought in its October 31, 2003, post-judgment motion. The trial court's jurisdiction terminated when it entered the January 28, 2003 final judgment, and we affirmed that judgment on appeal. Except for the relief offered by Civ.R. 60(B), which does not go to the merits of a claim and was not invoked here, the court is deprived of jurisdiction to take any further action in the matter after its final judgment disposing of all claims pleaded in the action is journalized.
 {¶ 17} State Farm's assignment of error is overruled.
 {¶ 18} Appellee's First Cross-Assignment of Error
 {¶ 19} "The trial court erred in failing to render judgment on behalf of national union based on the fact that state farm was a volunteer and settled without notifying national union."
 {¶ 20} Appellee's Second Cross-Assignment of Error
 {¶ 21} "The trial court erred in failing to render judgment on behalf of national union since roberts was not occupying a covered auto at the time of the accident."
 {¶ 22} Appellee' Third Cross-Assignment of Error
 {¶ 23} "The trial court erred in failing to render judgment on behalf of national union on the basis that emery was self-insured in the practical sense."
 {¶ 24} The error National Union assigns is rendered moot by our determination in National Union's favor of the error State Farm assigned. Therefore, pursuant to App.R. 12(A)(1)(c), we decline to rule on National Union's three assignments of error.
 {¶ 25} National Union's assignments of error are overruled. The judgment from which the appeal and crossappeal were taken is affirmed.
Brogan, P.J. and Wolff, J., concur.
[1] Roberts' prior assignment of her rights to State Farm did not make State Farm a party to Roberts' appeal, at least with respect to State Farm's potential rights against National Union for contribution and indemnity which, in any event, were not matters Roberts raised in her appeal.