{¶ 45} The trial court found and the majority of this panel agrees that there is no special relationship between AFC and appellants and, therefore, no duty to protect under this analysis. Additionally, the majority finds that AFC owed no statutory duty to appellants, pursuant to R.C. 2151.421, that would create liability in this case. Although I do not disagree with this reasoning, as discussed by the majority, appellants also assert that there exists a common-law duty as set forth in Restatement of the Law 2d, Torts (1965), Section 323. Where a voluntary undertaking to protect is shown, the Ohio Supreme Court has recognized a duty of care independent of a special relationship. See Briere v. Lathrop Co. (1970),22 Ohio St.2d 166. See, also, Douglass v. Salem Community Hosp.,153 Ohio App.3d 350, 2003-Ohio-4006 (because the hospital decided to give a recommendation about a former employee, due care was required in giving the recommendation).
 {¶ 46} For purposes of the instant case, the essential elements of a cause of action under Section 323 involve questions of whether: (1) AFC undertook to provide services that it knew or should have known were necessary for appellants' protection; (2) AFC failed to exercise reasonable care in performing those services; and either (3) appellants relied upon AFC's performance; or (4) AFC's performance increased appellants' risk of harm. Torrington Co. v. Stutzman (Tex. 2000), 46 S.W.3d 829,838. Construing the evidence most strongly in favor of the non-moving party, I conclude that AFC undertook gratuitously to protect Claire by taking Ms. Francisco off the list of providers and placing her on hold status pursuant to a prior complaint. At some point AFC then placed her back on the list of available providers. This action constituted more than simply providing a list of names, and was directed to the protection of children put into the care of a provider on the AFC list. Having affirmatively undertaken that responsibility, AFC had a duty to exercise reasonable care in carrying out that task. Because the trial court decided summary judgment based solely upon the issue of duty, and did not consider whether AFC exercised reasonable care in rendering this service or whether there was reliance upon this action, I would remand for a determination of whether genuine issues of material fact exist on those questions. See Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356.