JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Peter Accardi ("Accardi"), appeals from the trial court's decision that granted summary judgment in favor of defendant-appellee, Speedway SuperAmerica LLC ("Speedway), on his negligence claim under premises liability law. For the reasons that follow, we affirm.
 {¶ 2} Accardi assigns the following sole assignment of error for our review:
 {¶ 3} "I. The trial court erred in granting summary judgment."
 {¶ 4} "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327.
 {¶ 5} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987),477 U.S. 317, 330; Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356.
 {¶ 6} This Court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs.
(1993), 87 Ohio App.3d 704. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v. McFaul (1990),71 Ohio App.3d 46, 50; Link v. Leadworks Corp. (1992), 79 Ohio App.3d 735,741.
 {¶ 7} To maintain a slip and fall action, Accardi must establish one of the following:
 {¶ 8} "1. That the defendant through its officers or employees was responsible for the hazard complained of; or
 {¶ 9} "2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
 {¶ 10} "3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care." Johnson v. Wagner Provision Co. (1943),141 Ohio St. 584, 589.
 {¶ 11} It is agreed that Accardi was a business invitee. An owner or occupier of the premises ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers. Paschal v. Rite Aid Pharmacy, Inc.
(1985), 18 Ohio St.3d 203. They "must also inspect the premises to discover possible dangerous conditions of which [the owner or occupier] does not know, and take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use." Perry v. Eastgreen Realty Co. (1978),53 Ohio St.2d 51, 52.
 {¶ 12} Notwithstanding the foregoing, the open and obvious doctrine provides that a premises owner owes no duty to persons entering those premises regarding dangers that are open and obvious. Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. If a hazard is open and obvious, the plaintiff is barred from recovery because there is no duty by the owner to warn of the danger. The Ohio Supreme Court reaffirmed the open and obvious doctrine in Armstrong v. Best Buy,99 Ohio St.3d 79, 2003-Ohio-2573.
 {¶ 13} The open and obvious nature of the hazard itself serves as a warning. The owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves. Simmers v.Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 644. By focusing on the duty prong of negligence, the court's analysis focuses on the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it.Armstrong, supra at 84. While often the question of open and obvious is one for the jury, it can at times be determined as a matter of law.
 {¶ 14} Although Accardi alleges that Speedway was negligent by failing to inspect the area and correct the defect within a reasonable time, Speedway raises the open and obvious defense that would alleviate it of any duty and thus bar Accardi's negligence claim.
 {¶ 15} Accardi maintains that upon entering the Speedway store he noticed two yellow "Wet floor" signs. He took precautions to carefully choose his path due to an injured knee. It was obvious to him that the floor was wet and slippery. Accardi said he "looked down at the ground just to make sure [he] made the right steps." (Accardi Depo. p. 19). Accardi believes he tripped on a "loop" in the carpet mat. The record includes photographic still shots of the video surveillance from the date in question. These clearly depict a loop in the carpet very near the "Wet floor" sign. There is nothing in the record that would explain why Accardi did not see the buckle in the carpet. He does not claim his view was obstructed or that his vision/attention was distracted by any attendant circumstance out of his control. Instead, he admits to focusing on the floor in order to choose his path with care. Under these facts, reasonable minds could only conclude that the condition of the carpet was open and obvious.
 {¶ 16} Accardi's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Calabrese, Jr., J., concur.