{¶ 54} I respectfully disagree with my colleague's decision to address this case on the merits. Upon review, the record in this case contains ten deposition transcripts received by this court in their original envelopes, which were sealed with a time stamped cover letter secured to the exterior of the envelope which covered the envelope flap. It is evident that the trial court did not open these envelopes as the cover letters were untouched and remained taped over the envelopes' opening. In Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 357, the trial judge acknowledged during a hearing on the defendant's summary judgment motions that he had not reviewed any evidence submitted in support of or in opposition to the defendant's summary judgment motion, but instead, had decided the issue solely on the basis of oral argument on the motion. Plaintiff-Appellant Murphy appealed, contending that the matter should be remanded to the trial court for a ruling on the motion after the trial court had reviewed all of the evidence proffered on the motion. On appeal, the appellate court recognized that the trial court had a duty under Civ. R. 56(C) to consider all appropriate material in the record before ruling on a motion for summary judgment. But, the appellate court, like the majority in the present case, held that, because the appellate court reviewed the record de novo without giving any deference to the trial court, "it could conduct its own examination of the record, and rule on the motion based on that independent examination." Id. at 358. Thus, the appellate court concluded that any error by the trial court in failing to abide by Civ. R. 56(C) was non-prejudicial error. Id. at 357-58.
 {¶ 55} The Supreme Court squarely rejected this approach, finding that:
 "The wording of Civ. R. 56(C) makes it clear that a trial court must conscientiously examine all the evidence before it when ruling on a summary judgment motion. * * * From the statement of the trial judge it can readily be seen that the trial court did not conduct even a cursory review of these depositions. These depositions were crucial to a determination whether genuine issues of *Page 23 
material fact did exist in this case. * * * Only by conducting a thorough examination of the record could the trial court properly rule on the Civ. R. 56 motion.
 "* * *
 "The court of appeals reasoned that, in reviewing a grant of a motion for summary judgment, it was required to apply the same standards as were applied by the trial court. An appellate court (like a trial court) must examine the record to determine whether there is any genuine issue of material fact. An appellate court reviewing a trial court's decision to grant a Civ. R. 56(C) motion must look at the evidence in a light most favorable to the non-moving party, construing all doubt in favor of that party. The court of appeals concluded that its independent consideration of the record could, in effect, cure the trial court's failure to examine the evidence. We cannot accept that conclusion. A reviewing court, even though it must conduct its own examination of the record, has a different focus than the trial court. If the trial court does not consider all the evidence before it, an appellate court does not sit as a reviewing court, but, in effect, becomes a trial court. The clear language of Civ. R. 56(C) prevents us from sanctioning the interpretation given by the court of appeals.
 "The grant of a Civ. R. 56 motion terminates litigation without giving the opposing party the benefit of a trial on the merits. The requirements of the rule must be strictly enforced. Compliance with the terms of Civ. R. 56(C) is of fundamental importance at the trial court level, where the initial examination of the evidence occurs, and where the issues framing the litigation are shaped. * * * The rule mandates that the trial court make the initial determination whether to award summary judgment; the trial court's function cannot be replaced by an `independent' review of an appellate court.
 "In conclusion, we hold that Civ. R. 56(C) places a mandatory duty on a trial court to thoroughly examine all appropriate materials filed by the parties before ruling on a motion for summary judgment. The failure of a trial court to comply with this requirement constitutes reversible error." Id. at 359-60.
 {¶ 56} Based on the state of the depositions received on appeal, I believe that "that the trial court did not conduct even a cursory review of these depositions" in this case, as was the case in Murphy.
Furthermore, because there was no hearing on the summary judgment motion in this case, it appears that the trial court rendered its determination based on the parties' written briefs (with limited attachments) alone. Accordingly, I would conclude that this matter should *Page 24 
be reversed and remanded on that basis, as the trial court has failed to perform an initial examination of the evidence to determine if summary judgment was appropriate. *Page 1