[Cite as *Morrow v. Sacred Heart School*, 2015-Ohio-5321.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TIFFANI MORROW, et al. | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiffs - Appellants | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| SACRED HEART SCHOOL | : | Case No. 2015CA0004 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Coshocton County
Court of Common Pleas, Case No.
2014-CI-0384

JUDGMENT: Affirmed

DATE OF JUDGMENT: December 18, 2015

APPEARANCES:

For Plaintiffs-Appellants

MICHELA HUTH
257 Canal Street
P.O. Box 17
Bolivar, Ohio 44612

For Defendant-Appellee

CHRISTOHER J. WEBER
Kegler, Brown, Hill & Ritter Co., LPA
65 E. State Street, Suite 1800
Columbus, Ohio 43215

*Baldwin, J.*

{¶1}    Appellants Tiffani Morrow and David Buxer appeal a summary judgment of the Coshocton County Common Pleas Court dismissing their complaint against appellee Sacred Heart School on summary judgment.

### STATEMENT OF THE FACTS AND CASE

{¶2}    Appellants are the parents of a minor son who entered pre-kindergarten at Sacred Heart School in Coshocton in 2011, and attended the school through completion of first grade.  Appellants filed the instant action on September 8, 2014, seeking damages for negligence, misrepresentation, defamation, breach of contract, and promissory estoppel.

{¶3}    Appellee filed a motion for summary judgment on February 17, 2015. Appellee attached to its motion affidavits of school personnel averring that throughout his enrollment, the child was treated with dignity and respect and afforded the same educational opportunities as other students.  The affidavits further set forth that the school reported bite marks observed on the child's arm to Coshocton County Job and Family Services as required by Ohio law, and also reported his unexcused absences to the Juvenile Court as required by school attendance laws.  The affidavits stated that at no time did the school require the child to clean himself up after vomiting, and that the school did not give him food which he was not permitted to eat.

{¶4}    Appellants responded, attaching the affidavit of Tiffani Morrow and a copy of the 2013-2014 Student/Parent Handbook which was referenced in her affidavit.  In her affidavit, Morrow averred that the child had vomited on himself and appellee refused to help him clean up the vomit and failed to notify appellants that the child was sick.  She

further averred that the child was fed dairy foods and peanuts, despite being informed by appellants of his dietary restrictions. She stated that appellee made a false report to a truancy officer concerning the child's number of absences, and made a false report of abuse to Coshocton County Job and Family Services. She averred that she was informed by an employee of appellee that the child needed speech therapy when he did not need speech therapy, and that he was not provided educational assistance which was provided to other students.

{¶5} The trial court granted the motion for summary judgment. The trial court's judgment cited extensively to appellee's affidavits and did not specifically reference the affidavit of appellant Morrow. Appellant assigns a single assignment of error on appeal:

{¶6} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION WHEN IT GRANTED DEFENDANT, SACRED HEART SCHOOL'S MOTION FOR SUMMARY JUDGMENT."

{¶7} Appellants' brief argues solely that the court erred in failing to review and consider Morrow's affidavit and the attached exhibit, which "would or could have, arguably, created a genuine issue of material fact."

{¶8} Appellants rely on the Ohio Supreme Court's decision in *Murphy v. Reynoldsburg,* 65 Ohio St. 3d 356, 604 N.E.2d 138, 1992-Ohio-95. In *Murphy,* the trial court scheduled an oral hearing on a summary judgment motion. At the hearing, the court stated, "Let me be up front with all of you. I haven't read your motion. I haven't read your briefs. So, educate me." The parties proceeded to orally argue the summary judgment motion. At the conclusion of the argument, the trial court granted the motion for summary judgment.

{¶9} On appeal, the Court of Appeals concluded that although the trial court erred in failing to review the evidence filed by the parties before granting summary judgment, any error was not prejudicial because the appellate court reviews summary judgment de novo. The court then conducted a de novo review and concluded that summary judgment was appropriate on the evidence filed with the court.

{¶10} The Ohio Supreme Court reversed, holding:

> Compliance with the terms of Civ.R. 56(C) is of fundamental importance at the trial court level, where the initial examination of the evidence occurs, and where the issues framing the litigation are shaped. When, as in the case before us, a trial court does not examine the evidence presented on the motion for summary judgment, but makes its ruling entirely based on oral argument presented by the parties, the trial court disregards the mandatory duties placed upon it by Civ.R. 56(C). The rule mandates that the trial court make the initial determination whether to award summary judgment; the trial court's function cannot be replaced by an "independent" review of an appellate court. *Id.* at 360, 604 N.E.2d at 141.

{¶11} The instant case is distinguishable from *Murphy.* Although the trial court did not specifically cite to Morrow's affidavit, the record does not affirmatively demonstrate that the court failed to consider appellants' evidence, as the record did in *Murphy.* The court's judgment specifically noted that appellants filed a response to appellee's motion

on March 17, 2015, having been granted an extension of time by the court on March 5, 2015.  The judgment further states, "Based upon the affidavits and pleadings of the *parties* the Court finds that the Defendant's Motion for Summary Judgment is well-taken and is hereby granted."  Judgment Entry, April 6, 2015, emphasis added.  The use of the plural "parties" indicates that the court considered appellants' affidavit, as well as the affidavits filed by appellee.

{¶12}  The assignment of error is overruled.  The judgment of the Coshocton County Common Pleas Court is affirmed.  Costs are assessed to appellants.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.