[Cite as *Work v. Work*, 2018-Ohio-3104.]

STATE OF OHIO            )                         IN THE COURT OF APPEALS
                            )ss:                 NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN     )

LARRY A. WORK                      C.A. No.     17CA011228

     Appellant

     v.                                   APPEAL FROM JUDGMENT
                                     ENTERED IN THE
TINA L. WORK, et al.            COURT OF COMMON PLEAS
                                     COUNTY OF LORAIN, OHIO
     Appellees                    CASE No.     16CV190298

DECISION AND JOURNAL ENTRY

Dated: August 6, 2018

---

TEODOSIO, Presiding Judge.

**{¶1}** Larry A. Work, Jr. appeals the orders of the Lorain County Court of Common Pleas granting summary judgment in favor of Tina L. Work and Jeanne Marie Sullivan-DiFrancesco. We affirm.

I.

**{¶2}** In August 2016, Mr. Work filed his complaint for intentional interference with an expectancy of inheritance against Tina L. Work, Jeanne Sullivan-DiFrancesco, and Jennifer Work-Smith, and filed an amended complaint in January 2017. Ms. Work-Smith was dismissed in September 2017. The decedent, who passed away in 2013, was the father of Mr. Work and brother to Ms. Sullivan-DiFrancesco. Tina Work is the ex-wife of the decedent, with the couple divorcing in 2012. The decedent's will named Ms. Sullivan-DiFrancesco as the administrator, however no probate proceedings have been initiated.

{¶3} Ms. Work and Ms. Sullivan-DiFrancesco filed motions for summary judgment in August 2017. In response, Mr. Work filed briefs in opposition along with motions for continuances in order to obtain discovery. The trial court denied the motions for continuances, noting that the discovery deadline had been agreed to by the parties, had been extended by two months, and that no motion to compel had been filed by Mr. Work. The trial court granted the motions for summary judgment in favor of Ms. Work and Ms. Sullivan-DiFrancesco. Mr. Work now appeals, raising one assignment of error.

## II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING DEFENANTS'-APPELLEES' MOTIONS FOR SUMMARY JUDGMENT ON A CLAIM FOR INTENTIONAL INTERFERENCE WITH AN EXPECTANCY OF AN INHERITANCE.

{¶4} In his assignment of error, Mr. Work argues the trial court erred in granting summary judgment in favor of defendants on his claim for intentional interference with an expectancy of an inheritance. Specifically, Mr. Work contends that Ms. Work and Ms. Sullivan-DiFrancesco failed to provide sufficient and proper evidence showing that there was no genuine issue as to any material fact. We disagree.

{¶5} Appellate review of an award of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is appropriate under Civ.R. 56 when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C). A court must view the facts in the light most favorable to the non-moving

party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358–359 (1992). A trial court does not have the liberty to choose among reasonable inferences in the context of summary judgment, and all competing inferences and questions of credibility must be resolved in the nonmoving party's favor. *Perez v. Scripps–Howard Broadcasting Co.*, 35 Ohio St.3d 215, 218 (1988).

{¶6} The Supreme Court of Ohio has set forth the nature of this burden-shifting paradigm:

> [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

*Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).

{¶7} Mr. Work's amended complaint alleged that Ms. Work committed an intentional tort by failing to turn over all assets belonging to the decedent to either the decedent himself while he was still living or to Ms. Sullivan-DiFrancesco after his death. The amended complaint further alleged Ms. Sullivan-DiFrancesco committed an intentional tort in failing to probate the decedent's estate and distribute to the appellant his share of the estate.

{¶8} With regard to Ms. Work, her affidavit attached to her motion for summary judgment averred the following: (a) that she did not have any control over the decedent's assets

for the last year prior to his death; (b) that prior to their divorce she and the decedent maintained separate bank accounts; (c) that the decedent's 1948 GMC truck is at the Sheffield Village residence and remains titled in the decedent's name; (d) that she was the beneficiary of the decedent's 403(b) retirement account, that she received a letter from Mutual of America advising her as to that fact, and that she completed the application for death benefits and received the proceeds sometime later; and (e) that she has not interfered with any of the decedent's assets or Mr. Work's expectancy of inheritance.

{¶9}   With regard to the Sheffield Village residence, she averred that she owned the home with the decedent as joint tenants with rights of survivorship, and that pursuant to the divorce decree, they were to sell the home and split any proceeds.  She averred that they listed the property, but failed to sell it, and that after the decedent had passed away, it was not listed for sale again.  She further averred that she had made all mortgage, insurance, and tax payments since the decedent's death.  She also stated the property can only be transferred out of the decedent's name through a probate estate proceeding.

{¶10}  In the affidavit attached to his brief in opposition, Mr. Work averred that Ms. Work interfered with his expected inheritance by:

> Not selling and continuing to reside in the home located [in Sheffield Village] * * *; (b) not dividing the joint checking and savings accounts they had with First Place Bank; (c) cashing in and keeping one hundred percent of [] Larry Allen Work's 403b Thrift account with Mutual of America; [and] (d) keeping Larry Allen Work's 1948 GMC Truck at her residence.

{¶11}  Mr. Work has provided no evidence of the existence of any joint accounts containing funds to which he may be entitled, and has provided no rationale as to why he would have an expectancy of any funds contained in the decedent's 403(b) account with Mutual of America.  As to the Sheffield Village residence and the GMC truck, Mr. Work suggests no

argument that would prevent these assets from being properly divided if probate proceedings were initiated.

{¶12} With regard to Ms. Sullivan-DiFrancesco, as we have noted, the complaint alleged that she committed an intentional tort by failing to probate the estate or distribute to Mr. Work his share of the estate. In the affidavit attached to her motion for summary judgment, Ms. Sullivan-DiFrancesco averred the following: (1) she was named in her brother's will to be appointed as executrix; (2) she did not approach the probate court to be appointed executrix; (3) she repeatedly offered to step aside to allow Mr. Work to become the executor; (4) she has done nothing to interfere or deprive Mr. Work of any inheritance; (5) she has taken no action on behalf of the estate except to file a 2014 tax return and submit forms to Mutual of America with regard to a life insurance policy; (6) she deposited a $1,200.00 tax return check into the decedent's bank account; and (7) she disclaims and waives her nomination to serve as executrix.

{¶13} In the affidavit attached to his brief in opposition, Mr. Work averred that Ms. Sullivan-DiFrancesco interfered with his expected inheritance by taking actions involving the decedent's assets after his death without being named as executrix or administrator by the probate court.

{¶14} In his amended complaint, Mr. Work alleged that Ms. Sullivan-DiFrancesco committed an intentional tort by failing to probate the estate or distribute to Mr. Work his share of the estate. There is no requirement that an executrix named in a will accept the appointment. *See* R.C. 2113.05 ("When a will is approved and allowed, the probate court shall issue letters testamentary to the executor named in the will * * * if the executor * * * is suitable, competent, accepts the appointment, and gives bond * * *."). Consequently, there was no requirement that Ms. Sullivan-DiFrancesco accept the appointment, probate the estate, and distribute a share to

Mr. Work. Furthermore, Mr. Work's affidavit fails to refute the affidavit evidence of Ms. Sullivan-DiFrancesco, and fails to offer any evidence that she interfered with his inheritance.

{¶15} We conclude the trial court did not err in granting summary judgment. Ms. Work and Ms. Sullivan-DiFrancesco met their burden of demonstrating an absence of genuine issues of material fact, and Mr. Work failed to meet his reciprocal burden of providing evidence to set forth specific facts showing that there was a genuine issue for trial.

{¶16} Mr. Work's assignment of error is overruled.

III.

{¶17} Mr. Work's assignment of error is overruled and the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

RANDOLPH R. ROTH, Attorney at Law, for Appellant.

BRIAN G. DATTILO, Attorney at Law, for Appellee.

HENRY W. CHAMBERLAIN, Attorney at Law, for Appellee.