[Cite as *Omni Proverb Twinsburg, L.L.C. v. Gameon Business & Sweepstakes Ctr., L.L.C.*, 2016-Ohio-5813.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| OMNI PROVERB TWINSBURG, LLC | C.A. Nos.    27982<br>27983 |
| Appellee | |
| v. | |
| GAMEON BUSINESS AND<br>SWEEPSTAKES CENTER, LLC, et al. | APPEAL FROM JUDGMENT<br>ENTERED IN THE<br>COURT OF COMMON PLEAS<br>COUNTY OF SUMMIT, OHIO |
| Appellants | CASE No.    CV 2014 04 1891 |

DECISION AND JOURNAL ENTRY

Dated: September 14, 2016

SCHAFER, Judge.

{¶1} Defendants-Appellants, Nelson Barmen and Stephen Sulzberger (collectively, "Appellants"), appeal the judgment of the Summit County Court of Common Pleas awarding summary judgment in favor of Plaintiff-Appellee, Omni Proverb Twinsburg, LLC ("Omni"). We affirm.

I.

{¶2} Barmen, Sulzberger, and James Del Torto (collectively, "members") are members of Gameon Business and Sweepstakes Center, LLC ("Gameon"), a business that was created with the intent to operate an internet sweepstakes café in Summit County, Ohio. In 2011, Gameon's members negotiated a 36-month lease with Omni for a commercial space located in Twinsburg, Ohio. The lease provided that upon default of the lease, "all rent and damages throughout the remainder of the terms of the lease become due." As relevant to this appeal, the lease also permitted Gameon to unilaterally terminate the lease "upon thirty (30) days advance

written notice to [Omni] if a change of law has a prohibitive effect on [Gameon] from utilizing the Premises for computer based Internet and business services." Lastly, the lease included a personal guaranty, whereby Gameon's three members each agreed to be held jointly and severally liable in the event that Gameon defaulted on the payments under the lease. It is undisputed that Gameon stopped making monthly payments under the lease beginning in October of 2013. Omni considers Gameon's non-payment to be a breach of the lease, whereas Gameon asserts that the lease was properly terminated following the General Assembly's enactment of a statute "prohibiting the operation of internet sweepstakes cafes in the manner intended" by Gameon.

{¶3} On April 8, 2014, Omni filed a lawsuit for breach of contract against Gameon and the company's three individual members in the Summit County Court of Common Pleas.[1] Omni's complaint sought $53,878.34 in back and future rent, damages, interest, court costs, and attorney's fees. Appellants filed separate answers wherein they both respectively admit to executing a personal guaranty with Omni, but deny breaching the lease and causing Omni any damages. Gameon and Del Torto failed to appear in this matter. As such, on July 25, 2014, the trial court entered a default judgment against Del Torto and Gameon, jointly and severally, in the amount of $53,878.34, plus interest at the rate of 12.00% per year, plus court costs. Neither Gameon nor Del Torto appealed the default judgment.

{¶4} On January 12, 2015, Omni filed a motion for summary judgment against Appellants. Appellants filed separate briefs opposing Omni's summary judgment motion and Omni subsequently filed a reply brief thereto. On April 23, 2015, the trial court granted Omni's

---

[1] Omni's claim against Gameon pertained to the company's alleged breach of the lease, whereas Omni's claims against the individual members pertained to the members' alleged breach of the guaranty.

motion for summary judgment against Appellants, finding that Appellants "are in breach of the Lease Guaranty and jointly and severally liable with Defendants James Del Torto and Gameon * * * in the amount of $58,878.34, plus interest at the rate of 12% per annum from December 1, 2013, court costs, and attorney fees in the amount to be determined [at a later date]." On September 17, 2015, the trial court awarded Omni attorney's fees in the amount of $13,000.00.

{¶5} Appellants filed separate timely appeals, which this Court consolidated. Appellants each raise one assignment of error for this Court's review. To facilitate our analysis, we elect to address them together.

## Sulzberger's Assignment of Error

**The trial court erred in granting [Omni's] motion for summary judgment.**

## Barmen's Assignment of Error

**The trial court improperly granted [Omni's] motion for summary judgment based on Barmen's personal guaranty despite the fact that [Omni] was not entitled to judgment against Gameon because Gameon was entitled to cancel the lease after a change in the law made it impossible for it to operate as intended.**

{¶6} In their sole assignment of error, Appellants argue that the trial court erred by granting Omni's motion for summary judgment. We disagree.

{¶7} We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105 (1996). Summary judgment is only appropriate where (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. Civ.R. 56(C). Before making such a contrary finding, however, a court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992).

4

{¶8} Summary judgment consists of a burden-shifting framework. To prevail on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt,* 75 Ohio St.3d 280, 293 (1996). Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 449 (1996).

{¶9} Here, the trial court granted Omni's motion for summary judgment, finding there to be no genuine issue of material fact regarding whether Appellants breached the lease agreement, and, by extension, the lease guaranty. In so finding, the trial court made the following determination:

> [Appellants'] argument fails to recognize the July 25, 2014 Judgment Entry in this case which granted default judgment against Defendant Gameon Business and Sweepstakes Center, LLC for breach of the lease agreement and against Defendant Del Torto for breach of the lease guaranty. The default judgment conclusively determined that there was a breach of the lease agreement. [Appellants] are precluded as a matter of law from re-litigating the issue of whether there was a breach of the lease agreement.
> Based on the July 25, 2014 Judgment Entry, there is no genuine issue of material fact regarding whether Defendant Gameon Business and Sweepstakes Center, LLC breached the lease agreement. As the Court has previously rendered a judgment for [Omni's] claim for breach of the lease, as a matter of law [Appellants] are in breach of the Lease Guaranty and jointly and severally liable with Defendants James Del Torto and Gameon Business and Sweepstakes Center, LLC * * *[.]

{¶10} On appeal, Appellants dispute the trial court's conclusion that summary judgment was appropriate in this matter. However, Appellants' arguments on appeal do not address the

trial court's procedural reason for granting Omni's summary judgment motion on its breach of contract claims, which is that the default judgments entered against Gameon and Del Torto precluded Appellants from litigating whether they breached their lease with Omni. Rather, Appellants' respective appellate briefs rehash the same arguments that are contained in their briefs in opposition to Omni's motion for summary judgment, asserting that Gameon did not breach the lease agreement due to the General Assembly's changing of the law and, therefore, they did not breach the lease guaranty. To the extent that an argument could be made that the trial court erred in its conclusion to award summary judgment in favor of Omni, it is not this Court's duty to create one for Appellants. *See* App.R. 16(A)(7); *Skidmore v. Natl. Bronze & Metal of Ohio*, 9th Dist. Lorain No. 12CA010328, 2014-Ohio-4423, ¶ 20, citing *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998) (holding that "if an argument exists that can support [an] assignment of error, it is not this court's duty to root it out.").

**{¶11}** Accordingly, Appellants' respective assignments of error are overruled.

III.

**{¶12}** Appellants' respective assignments of error are overruled and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

6

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

JULIE A. SCHAFER
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

BRADLEY J. BARMEN, Attorney at Law, for Appellant.

FRANK P. GIAIMO, Attorney at Law, for Appellant.

GREGG D. GARFINKLE, Attorney at Law, for Appellee.