[Cite as *Dennis v. Nickajack Farms, Ltd.*, 2014-Ohio-5468.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**GEAUGA COUNTY, OHIO**

| | | |
|---|---|---|
| MARC S. DENNIS, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO. 2014-G-3188** |
| NICKAJACK FARMS, LTD., et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 12 P 365.

Judgment: Affirmed.

*Paul M. Kaufman*, 1300 Fifth Third Center, 600 Superior Avenue East, Cleveland, OH 44114 (For Plaintiffs-Appellants).

*Amanda M. Gatti* and *John A. Neville*, Reminger Co., L.P.A., 1400 Midland Building, 101 Prospect Avenue, West, Cleveland, OH 44115-1093 (For Defendants-Appellees, Nickajack Farms, Ltd. and Bernadette Golem).

*Katherine S. Riedel*, Law Offices of Katherine S. Riedel Co., L.P.A., Jefferson Commercial Park, 1484 State Route 46 North, No. 5, Jefferson, OH 44047 (For Defendants-Appellees, William Chiboroski and Lisa Brokaw Chiboroski).

THOMAS R. WRIGHT, J.

{¶1} This appeal is from the Geauga County Court of Common Pleas. Appellants Marc S. Dennis and Emily Dennis appeal the trial court's granting of summary judgment to appellees Nickajack Farms LTD. ("Nickajack Farms"), Bernadette Golem, Lisa Brokaw Chiboroski and William Chiboroski, determining that

appellees were not responsible for injuries Marc sustained while riding a horse. For the following reasons we affirm.

{¶2} In July of 2010, Marc saw a horse named Cash with a temperament rating of five for sale on a website. A temperament rating of a five requires an experienced rider, and Marc claims he is an experienced rider, although Golem acknowledged that individuals often overestimate their riding abilities. Marc contacted the owner Lisa, and she directed him to contact Golem, the trainer for Nickajack Farms, to set up an appointment. On July 22, 2010, Marc met Golem, and was subsequently brought to Cash's stall. Golem informed Marc that Cash had not been ridden or exercised at all that day, and so she suggested that Marc "take a minute in the round pen." Golem also informed Marc numerous times to remove the spurs he was wearing before riding Cash. Marc, however, did not remove his spurs.

{¶3} When Marc attempted to mount Cash, the horse "violently whipped" him off. Marc then took off his spurs, because he thought that may have caused Cash to behave as it did. As Marc removed his spurs, Golem walked and trotted Cash around the arena for 10 minutes. Once Cash appeared fine, Marc mounted the horse a second time and was bucked again, causing a hip injury.

{¶4} As the sole assignment of error, appellants assert: "The trial court commited (sic) reversible error in granting defendants-appellees' motions for summary judgment."

{¶5} Within this assignment, appellants raise three issues. First, they contend, without any underlying support, that "[t]here are numerous issues of fact and law in dispute and the Defendants were not entitled to judgment as a matter of law." Second, they assert a question of fact exists as to whether Golem's and Nickajack Farms'

2

conduct was wanton misconduct. Finally, appellants argue that the trial court erred in not considering some of appellants' expert affidavits concerning whether Golem and Nickajack and Golem's conduct was wanton.

{¶6} Appellants' first issue is without merit as it is a general argument that the trial court erred without any support from the record. App.R. 16(A)(7) requires an appellant's brief to provide "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and *the reasons in support of the contentions*, with citations to the authorities, statutes, and parts of the record on which appellant relies." (Emphasis added.) It is not an appellate court's duty to guess the arguments of an appellant. *Kuper v. Halbach*, 10th Dist. Franklin No. 09AP-899, 2010-Ohio-3020, ¶86. As such, we will not consider the first issue.

{¶7} As for the other two issues, we note summary judgment is a procedural tool that terminates litigation and thus should be entered with circumspection. *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66, 1993-Ohio-195, 609 N.E.2d 144 (1993). Summary judgment is proper where (1) there is no genuine issue of material fact remaining to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and, viewing the evidence in the non-moving party's favor, that conclusion favors the movant. *See, e.g.*, Civ.R. 56(C).

{¶8} When considering a motion for summary judgment, the trial court may not weigh the evidence or select among reasonable inferences. *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 121, 413 N.E.2d 1187 (1980). Rather, all doubts and questions must be resolved in the non-moving party's favor. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 359, 1992-Ohio-95, 604 N.E.2d 138 (1992). Hence, a trial court is

3

required to overrule a motion for summary judgment where conflicting evidence exists and alternative reasonable inferences can be drawn. *Pierson v. Norfork Southern Corp.*, 11th Dist. Ashtabula No. 2002-A-0061, 2003-Ohio-6682, ¶36. In short, the central issue on summary judgment is, "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). On appeal, we review a trial court's entry of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241 (1996).

{¶9} Appellees assert, and appellants do not contest, that Ohio's Equine Liability Law immunizes appellees from liability unless an exception applies. Appellants' second issue as to whether Nickajack Farms' and Golem's conduct amounted to wanton misconduct addresses an exception to Ohio's Equine Liability Law.

{¶10} R.C. 2305.321(B)(2)(d) states that any immunity provided by [Ohio's Equine Liability Law] will be forfeited if "[a]n act or omission of an equine activity sponsor, equine activity participant, equine professional, veterinarian, farrier, or other person constitutes a willful or wanton disregard for the safety of an equine activity participant and proximately causes the harm involved." Although the exception also encompasses willful misconduct, appellants have limited their arguments solely to wanton misconduct.

{¶11} The Ohio Supreme Court has defined wanton misconduct as "the failure to exercise any care toward those to whom a duty of care is owed in circumstances in

4

which there is great probability that harm will result." *Anderson v. City of Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, syllabus paragraph three.

{¶12} Nickajack Farms and Golem assert that the evidence precludes a finding of wanton misconduct because (1) Golem warned Marc that Cash had not been exercised that day and Dennis should "take a minute in the round pen and put him through his gaits" or, in other words, warm-up Cash, (2) Golem warned Marc numerous times not to wear his spurs, because Golem was not certain how Cash would react, (3) Golem exercised Cash herself for 10 minutes after Marc's first fall, and (4) Marc knew of the inherent risks of riding Cash. Appellant has not directed our attention to any evidence that creates a factual issue as to whether any these assertions are accurate. Rather, appellants allege that Golem's and Nickajack Farms' conduct amounts to wanton misconduct for the following six reasons: (1) Golem had not ridden, lunged or tuned Cash out for normal exercise on the day of the incident, (2) it was normal to turn Cash out to pasture for exercise approximately five to six hours per day, (3) Golem knew very little if anything about Marc's riding ability, (4) any information Golem might have obtained would probably have had no bearing on her allowing Marc to get up on Cash, (5) Golem allowed Marc to get up on Cash after he had fallen or been thrown off Cash once and (6) Golem allowed Marc to continue riding the horse without intervening even after Golem claimed to have seen Marc "off balance [and] not having a good seat."

{¶13} Golem's deposition testimony concerning the actions she took in making Cash safe to ride is uncontroverted. As Golem's testimony demonstrates she provided some care to Marc, summary judgment was proper.

5

{¶14} In light of our disposition of the second issue, we need not address the third issue of whether exclusion of the expert affidavits was error. Appellees claim and our review confirms that these affidavits do not provide any additional facts not considered in the second issue. Rather these affidavits, according to appellants, provide expert opinion on whether Nickajack Farms' and Golem's conduct amounted to wanton misconduct. However, "expert-witness testimony stating that the actions of [a party] were 'deliberate' willful or wanton conduct does not create any issue of fact, but merely states [a party's] position with respect to [the other party's] culpability, which is a legal conclusion" and therefore is inadmissible evidence. *Donlin v. Rural Metro Ambulance, Inc.*, 11th Dist. Trumbull No. 2002-T-0148, 2004-Ohio-1704, ¶26; *State Auto. Mut. Ins. Co. v. Chrysler Corp.*, 36 Ohio St.2d 151, 162 (1973). Accordingly, even if these affidavits were considered, it would not change the outcome.

{¶15} The sole assignment of error is without merit. In light of our disposition of the first assignment of error, Nickajack Farms' and Golem's cross-assignment of error is moot.

{¶16} The judgment of the Geauga County Court of Common Pleas is affirmed.

TIMOTHY P.CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

6