[Cite as *Fonce v. Champion Twp.*, 2022-Ohio-1278.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

RHONDA FONCE,

      Plaintiff-Appellant,

- v -

CHAMPION TOWNSHIP, et al.,

      Defendants-Appellees.

CASE NO. 2021-T-0040

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2019 CV 01863

**O P I N I O N**

Decided: April 18, 2022
Judgment: Affirmed

*Caryn M. Groedel,* Caryn Groedel & Associates Co., LPA, 31340 Solon Road, Suite 27, Cleveland, OH 44139 (For Plaintiff-Appellant).

*Gregory A. Beck* and *Tonya J. Rogers,* Baker, Dublikar, Beck, Wiley & Mathews, 400 South Main Street, North Canton, OH 44720 (For Defendants-Appellees).

JOHN J. EKLUND, J.

{¶1} Appellant, Rhonda Fonce, appeals the trial court's judgment granting Appellee's motion for summary judgment.

**Summary of the Case**

{¶2} In May 2000, Appellant began working for Appellee, Champion Township ("the Township"), as an assistant to the zoning inspector. The former zoning inspector retired in August 2004, and Appellant was promoted to full-time zoning inspector.

{¶3} In December 2019, Appellant filed a complaint against the Township and Trustees Fee, Bugos, and Emerine. Appellant's claims were: 1) gender discrimination;

2) age discrimination; 3) promissory estoppel; 4) retaliation; 5) violation of public policy; and 6) intentional endangerment.

{¶4} In April 2021, Appellees filed a motion for summary judgment, arguing that the evidence showed there were no genuine issues of material fact and that "the plaintiff cannot carry her burden to demonstrate the prima facia elements of any of her alleged claims." Appellant then filed this appeal asserting nine assignments of error.

{¶5} Appellant's nine assignments of error essentially assert that the trial court failed to consider her brief in opposition to the motion, failed to address all the adverse employment actions she asserted, judged the credibility of witnesses, and ignored the existence of genuine issues of material fact.

{¶6} First, it must be noted that Appellant (who has the burden of demonstrating the existence of genuine issues of fact, in the trial court and here), comes perilously close at times to failing to comply with App.R. 16(A)(7). Broad assertions of a party's interpretation of facts without relating them to the record and explaining how they bear upon the disposition of the case are neither helpful to the court nor sufficient to justify whatever relief the party is seeking. Nevertheless, after carefully reviewing the record, the briefs of all parties, and the applicable law, we conclude that Appellant's assignments of error are without merit.

{¶7} First, the trial court clearly did consider the Appellant's opposition to summary judgment, and the matters raised in it, largely through referring to facts of record and legal analysis. Reviewing this matter de novo, we find that Appellees were entitled to summary judgment:

2

1) on Appellant's age discrimination claim because each of the Township employees she asserts were similarly situated to her were not comparable to her;

2) on Appellant's gender discrimination claim because Appellees established a) that of the Township employees she asserts were similarly situated to her one (the Fiscal Officer) was also a member of the protected class, and b) that none of them were similarly situated to Appellant. Evidence Appellant offers to show similarity does not alter that conclusion under well-established legal precedent;

3) on Appellant's promissory estoppel claim because it was brought after the applicable statute of limitations had run and neither the record nor her briefs offer any basis to find otherwise;

4) on Appellant's retaliation claim because the record evidence does not show that Appellees subjected her to an adverse employment action in response to her reporting alleged misconduct of the Fiscal Officer to the Trustees or her hiring an attorney to represent her in her ongoing disputes with the Township;

5) on Appellant's violation of public policy claim because her briefs and the record are devoid of any articulation of the basis for the claim or what public policy is claimed to be violated;

6) On Appellant's intentional endangerment claim because she makes no argument relating R.C. 4101.11 or R.C. 4101.12 to her claim.

## Substantive Facts and Procedural History

{¶8} In Appellant's original complaint and brief, she alleges that the Township verbally promised her that if she accepted the zoning inspector position, she would

3

receive the same benefits as the road department employees. Appellant did not receive the same benefits as the current and former heads of the road department. Specifically, Appellant did not receive the same amount of paid time off and her salary was less than the head of the road department.

{¶9} The current and former heads of the road department have all been males.

{¶10} In 2017, Courtney Hatt began employment as the Township's fiscal officer. The Township required Appellant and Ms. Hatt to share an office space until Appellant asked to be moved to a different space.

{¶11} In 2018, Appellant began working as Ms. Hatt's assistant. Appellant continued her position as zoning inspector, but only part-time. Appellant requested a higher salary because of the new position, but the Township denied her request. Ms. Hatt was later authorized to hire her own assistant, and Appellant returned to the zoning inspector position full-time.

{¶12} In 2019, Appellant and a Township resident ("the resident") began an online dispute, in which he allegedly threatened her after his house in the Township was condemned as a nuisance. Appellant claims that she told Trustee Emerine that the resident was stalking and harassing her and asked that he not be allowed in the Township building. Appellant notified the Township police, who determined that the resident was not a threat.

{¶13} Appellant claims that Trustee Emerine denied her request to keep the resident out of the building, did nothing to protect her from the threats, and told her that he was a "nice guy and had bought him a cake for his birthday." Although disputed, we may assume that Appellant made such a request and that it was denied. However,

4

according to Trustee Fee's affidavit, the Board of Trustees relied on the police chief's findings that the resident was not a threat, yet still notified him that if he needed anything from the zoning office, he would need to notify a Trustee or the police chief in advance and be accompanied into the building.

{¶14} In September 2019, Appellant was driving the Township's vehicle, as permitted to perform her duties, when the vehicle's brake line failed. Appellant mitigated the damage, but slightly injured her back. Appellant claims that the Township caused her to be in a dangerous situation and that they did not reply to her emails and did nothing to help her when she notified them of the accident. However, the record shows Trustee Fee replied to her email four days following the accident. (Exhibit 4). The record also demonstrates that the Township purchased a new vehicle within one month of the accident to replace the old one. (Fee aff. p. 4).

{¶15} Later in 2019, Appellant notified the Township and Trustees that she had retained legal counsel to represent her in matters regarding her employment issues. In Appellant's complaint and appellate briefs, she alleges that the Township retaliated against her for obtaining legal counsel by reducing her salary and weekly work hours, requiring her to clock in and out of work, and assigning her to be Ms. Hatt's assistant.

{¶16} In December 2019, Appellant filed a complaint against the Township and Trustees Fee, Bugos, and Emerine.

{¶17} Between December 2019 and April 2021, the parties conducted discovery, including exhibits, interrogatories, and depositions.

{¶18} In April 2021, Appellees filed a motion for summary judgment, which Appellant opposed.

5

**{¶19}** In a judgment entry filed in August 2021, the court addressed each of Appellant's claims separately and granted Appellees' motion for summary judgment.

**{¶20}** In September 2021, Appellant filed this appeal arguing that the trial court erred by ignoring genuine issues of material fact and by making credibility determinations.

### Summary Judgment on Appeal

**{¶21}** We review de novo a trial court's order granting summary judgment. *Hapgood v. Conrad*, 11th Dist. Trumbull No.2000–T–0058, 2002–Ohio–3363, ¶ 13, citing *Cole v. Am. Industries & Resources Corp.*, 128 Ohio App.3d 546, 715 N.E.2d 1179 (7th Dist.1998). "We review the trial court's decision independently and without deference, pursuant to the standards in Civ.R. 56(C)." *Allen v. 5125 Peno, LLC*, 11th Dist. Trumbull No. 2016-T-0120, 2017-Ohio-8941, 101 N.E.3d 484, ¶ 6, citing *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993).

**{¶22}** Summary judgment is appropriate when 1) no genuine issue as to any material fact exists; 2) the party moving for summary judgment is entitled to judgment as a matter of law; and 3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion and it is adverse to the nonmoving party. *Holliman v. Allstate Ins. Co.*, 86 Ohio St.3d 414, 415, 715 N.E.2d 532 (1999).

**{¶23}** In other words, "Summary judgment will be granted if 'the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of facts, if any, * * * show that there is no genuine issue as to any material fact.' Civ.R. 56(C). Material facts are those that might affect the outcome of the suit under the governing law of the case." *Turner v. Turner* (1993), 67

6

Ohio St.3d 337, 340, 617 N.E.2d 1123, quoting *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202.

**{¶24}** "The initial burden is on the moving party to set forth specific facts demonstrating that no issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Dresher v. Burt*, 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264 (1996). If the movant meets this burden, the burden shifts to the nonmoving party to establish that a genuine issue of material fact exists for trial. *Id.*

**{¶25}** App.R. 16(A)(7) requires an Appellant's brief to provide "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." "It is not an appellate court's duty to guess the arguments of an appellant." *Dennis v. Nickajack Farms, Ltd.*, 11th Dist. Geauga No. 2014–G–3188, 2014-Ohio-5468, ¶ 6.

**Analysis**

**{¶26}** "FIRST ASSIGNMENT OF ERROR: The trial court committed a prejudicial error in failing to consider Fonce's Opposition to Appellee's Motion for Summary Judgment."

**{¶27}** "Civ.R. 56(C) places a mandatory duty on a trial court to thoroughly examine all appropriate materials filed by the parties before ruling on a motion for summary judgment." *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 604 N.E.2d 138 (1992), syllabus. This duty is "absolute," and the trial court must "read and consider all relevant pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact when ruling on a motion for summary judgment."

7

*Id.* at 359. This duty is not relieved even if the trial court's lack of review does not prejudice the parties. *Id.* at 360. In *Murphy,* the trial court stated, at the start of a hearing on a defense motion for summary judgment, "I haven't read your motion. I haven't read your briefs. So, educate me." *Id.* at 359.

{¶28} Appellant's first assignment of error plainly states that the trial court failed to consider her opposition to Appellees' motion for summary judgment.

{¶29} Appellant makes no actual argument (and certainly cites nothing in the record to show) that the trial court failed to consider her opposition to summary judgment. Rather, she asserts "[T]he trial court made the following findings of fact, despite the existence of conflicting evidence, and it construed all inferences in the moving party's favor." App. Brief at 17. That is another issue, which we will address later in this opinion.

{¶30} In the judgment entry granting summary judgment, the court expressly said, "The Court has reviewed the motion, memoranda [note: plural], pleadings, exhibits, depositions, affidavits and applicable law." More importantly, the body of the entry shows that the Court substantively addressed each of Appellant's claims and arguments separately, referencing specific discovery, such as depositions, throughout. Its duty to "consider all pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact," (*see, id.* at 359) does not mean it must recite every jot and tittle of evidence, however irrelevant to the matters it is deciding.

{¶31} Appellant's first assignment of error is without merit, and, in any case, as we discuss below, we have reviewed the record without deference to the trial court's findings.

8

{¶32} Appellant's sixth and ninth assignments assert that the trial court made credibility determinations by considering deposition testimony regarding the Township's reasons for reducing Appellant's hours. Appellant argues that the Township's motive is a genuine issue of material fact.

{¶33} The record demonstrates that the Trustees regularly met to discuss the budget and the possibility of reducing the zoning inspector's hours. (Fonce dep. pp. 38-39, Hatt aff. ¶ 11). The record shows that the Trustees invited Appellant to the meeting in which they decided to reduce her hours, but her counsel advised her against attending. (Fee aff. ¶ 9, Fonce dep. p. 84). The evidence also shows that at the meeting, the Trustees met with other department heads to discuss their hours and salaries, which were adjusted downward. (Fee aff. ¶ 11).

{¶34} While a trial court may not weigh testimonial credibility on summary judgment, it "must consider all of the evidence and reasonable inferences that can be drawn from the evidentiary materials in favor of the nonmoving party." *Wheeler v. Johnson*, 2nd Dist. Montgomery No. 22178, 2008-Ohio-2599, 2008 WL 2222368, ¶ 28.

{¶35} Here, the court did not weigh competing evidence, and Appellant did not contest the above facts or offer evidence that they are untrue. Rather, without any evidence in support, she argues Appellees' motive was other than budgetary concerns. (Fonce dep. p. 83). Appellant asserts this even after admitting that she has no knowledge of the budget, that she was aware a meeting was taking place to discuss the budget and her position, and that she declined to attend the meeting. (Fonce dep. p. 83).

{¶36} Considering all the evidence and reasonable inferences, we find the court did not make credibility determinations in that instance. An allegation of "bad motive"

9

without any evidence supporting it is of no avail to Appellant. There must be something other than an allegation from which any inference (in favor of any party) can be drawn.

{¶37} Appellant next claims that the trial court made credibility determinations in deciding that she was "offered" to be Ms. Hatt's assistant and not "assigned" the position.

{¶38} We need not address whether Appellant was assigned or offered the position. Reviewing the record in the light most favorable to Appellant, we may accept Appellant's argument that she was assigned the position.

{¶39} Appellant argues that the issue is material because she asserts that being the fiscal officer's assistant was an adverse employment action. Yet, "changes in employment conditions that result in merely inconvenience or an alteration of job responsibilities are not disruptive enough to constitute an adverse employment action." *Lennon v. Cuyahoga Cty. Juvenile Court*, 8th Dist. Cuyahoga No. 86651, 2006–Ohio–2587, ¶ 10. Even though requiring Appellant to work an additional position was a change of employment conditions, it merely altered her job responsibilities. The fiscal officer's deposition stated that Appellant's only additional duties included reading bills and receipts to her and driving her to submit documents and deposit checks. (Hatt. aff. p. 17). Requiring Appellant to perform these duties were not materially adverse, but simply altered her responsibilities. Thus, it does not amount to an adverse employment action.

{¶40} Appellant's sixth and ninth assignments of error are without merit.

{¶41} In assignments two, three, four, five, seven, and eight, Appellant asserts specific issues she believes to be genuine issues of material fact. Our review is de novo, and we will address the relevant assignments and arguments as they appear under each individual claim.

Case No. 2021-T-0040

**Age Discrimination:**

{¶42} Appellant asserts in her fourth and seventh assignments of error that summary judgment was not appropriate on her age discrimination claim.

{¶43} "Once a plaintiff establishes a prima facie case, a presumption of age discrimination is created. The burden of production then shifts to the defendant-employer to overcome the presumption of discrimination by coming forward with evidence of a legitimate, nondiscriminatory reason for its actions. If the employer articulates a nondiscriminatory reason, then the employer has successfully rebutted the presumption of discrimination and the plaintiff must then present evidence that the employer's proffered reason was a mere pretext for unlawful discrimination." (Internal citations omitted). *McCarthy v. Lordstown*, 11th Dist. Trumbull No. 2014–T–0050, 2015-Ohio-955, at ¶ 13.

{¶44} There are two methods by which a party may establish a prima facie case of age discrimination: 1) with direct evidence that the termination or other adverse action was motivated by age, or 2) with indirect evidence through a special burden-shifting means, often referred to as the "McDonnell Douglas" proof method. *Id.* at ¶ 11.

{¶45} Appellant contends that there is direct evidence of age discrimination because she asserts that the Township Trustees once asked when she was planning to retire. However, assuming the question was asked, "[i]n order for age-related comments to constitute direct proof of discrimination, there must be a nexus between the alleged comment or action and the prohibited act of discrimination." *Dautartas v. Abbott Lab'ys, 10th Dist. Franklin, 2012-Ohio-1709, 2012 WL 1344030, ¶ 36*. Appellant does not argue or establish a nexus between the Township asking when she will retire and any of the events she claims were adverse employment actions. Instead, she asks us to accept the

11

question regarding retirement as direct evidence without any other information. We cannot do so. Thus, Appellant has not demonstrated direct evidence of age discrimination.

{¶46} In the absence of direct evidence, the plaintiff must demonstrate that: 1) she is a member of a protected class i.e., was at least forty years old at the time of the discrimination; 2) she suffered an adverse employment action; 3) she was qualified for the position; and 4) she was treated less favorably than a substantially younger similarly situated person. *Coryell v. Bank One Trust Co.*, 101 Ohio St.3d 175, 179, 803 N.E.2d 781 (2004), ¶ 20.

{¶47} It is uncontested that Appellant was over forty years old and a member of the protected class at the time of the alleged discrimination. It is also uncontested that she was qualified for the zoning inspector position. Under the McDonnell Douglas test, we then consider whether Appellant was treated less favorably than a substantially younger similarly situated person.

{¶48} Appellant first argues that the fiscal officer and head of the road department are both substantially younger than she is. However, being substantially younger is not dispositive alone, as the Ohio Supreme Court has noted: "whether an employee is substantially younger is but a single factor in a broader analysis." *Id.* at ¶ 22.

{¶49} Appellant also asserts that there are similarly situated non-protected individuals who were treated more favorably than she. Specifically, Appellant asserts that the head of the road department and the fiscal officer are similarly situated non-protected individuals. For the following reasons, this argument fails, and Appellant is unable to meet the fourth prong of the McDonnell Douglas test.

12

{¶50} Plaintiffs are not required to have identical positions as the non-protected individual, but must demonstrate that they are similarly situated in all relevant aspects. *Poppy v. Willoughby Hills City Council*, 11th Dist. Lake No. 2004–L–015, 2005-Ohio-2071, ¶ 36. "Two employees are not similarly-situated in all relevant respects if there is a meaningful distinction between them which explains their employer's differential treatment of them." *Id.*

{¶51} Regarding the fiscal officer, Ms. Hatt is an elected official whose salary and duties are governed by statute. (Hatt. dep. p. 11). This is a meaningful distinction explaining any differential treatment between the fiscal officer and the zoning inspector because the fiscal officer must be paid a specific salary, whereas the zoning inspector's salary is within the Township's discretion. R.C. 507.51, R.C. 507.09.

{¶52} Regarding the current and former heads of the road department, the Township and Trustees have demonstrated that they are not comparable or similarly situated to Appellant. The Trustees' sworn testimonies demonstrate that the road department heads' responsibilities and duties are significantly different from Appellant's in training, education requirements, and hours. Trustee Emerine's deposition explains that the head of the road department's duties are different from Appellant's duties. They included also being the road foreman, working over-time, and being on-call through the night. (Emerine dep. p. 22). The testimony explains that the head of the road department has education and training in applying for grants, is required to lift heavy machinery, and also worked for the county engineer's office. (Emerine dep. p. 22). Additionally, the other department heads are labor union members, and their pay increases are based on

13

collective bargaining agreements, whereas it is undisputed that Appellant is not a union member.

{¶53} These differences are meaningful distinctions between the other department heads and Appellant. For example, requiring Appellant to "clock in" and "clock out" by phone was only required due to a change in federal regulations under the Fair Labor Standards Act, which made her a "non-exempt" employee, a status her allegedly comparable coworkers did not have. (Emerine dep. p. 26).

{¶54} Appellant argues that they are similarly situated because all of the positions are creatures of statute in Ohio and all of them are responsible to the Trustees. We disagree. While titles and lines of command can bear on this analysis, the evidence of the disparities between these positions in the scope of their actual work, and in the educational, experiential, and supervisory skills and responsibilities required to perform them, renders them dissimilar to Appellant's position.

{¶55} Lastly, under the McDonnel Douglas test, we must determine whether Appellant demonstrated that she suffered an adverse employment action.

{¶56} On a motion for summary judgment in discrimination cases, appellate courts have consistently reviewed whether an employment action was adverse. *See Hargrette v. RMI Titanium Co.*, 11th Dist. Trumbull No. 2009–T–0058, 2010-Ohio-406; *Moody v. Ohio Dep't of Mental Health & Addiction Servs.*, 2021-Ohio-4578, 183 N.E.3d 21 (10th Dist.); *Vogt v. Total Renal Care, Inc.*, 8th Dist. Cuyahoga No. 103102, 2016-Ohio-4955; *Cole v. Fifth Third Bancorp*, 5th Dist. Delaware No. 21 CAE 05 0025, 2022-Ohio-774.

{¶57} "An adverse employment action is a 'materially adverse change in the terms and conditions of [the plaintiff's] employment.'" *Perez v. Theller*, 6th Dist. Sandusky No.

14

S–10–053, 2011–Ohio–2176, ¶ 14, quoting *Hollins v. Atlantic Co.*, 188 F.3d 652, 662 (6th Cir.1999).

**{¶58}** "Factors to consider when determining whether an employment action was materially adverse include 'termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.'" *Id.* "Changes in employment conditions that result in merely inconvenience or an alteration of job responsibilities are not disruptive enough to constitute an adverse employment action." *Lennon v. Cuyahoga Cty. Juvenile Court*, 8th Dist. Cuyahoga No. 86651, 2006–Ohio–2587, ¶ 10.

**{¶59}** In her brief, Appellant has merely listed, as bullet points, the instances in which she believes the Township's actions were adverse to her. But, Appellant does not state any arguments why these instances were materially adverse. Some of them were changes in employment conditions. However, they all are properly regarded as inconveniences and alterations in job responsibilities.

**{¶60}** One employment action Appellant asserts was adverse was that the Trustees passed an ordinance to reduce her hours and pay. But, the record also shows that those changes ultimately did not go into effect and appellant suffered no loss of earnings or benefits. (Fee aff. at 5). Moreover, according to Appellant's deposition testimony, she was unaware whether the Township's budget issues caused the decision (Fonce dep. p. 83), as Trustee Fee testified. (Fee aff. p. 2). She only states that she believes the change in hours was because of her age or gender, without any evidence to support her assertion. (Fonce dep. p. 83).

15

{¶61} Likewise, App.R. 16(A)(7) applies because Appellant's briefs did not provide an argument with respect to why the actions she listed were adverse and we decline to construct an argument on her behalf.

{¶62} Appellant did not provide evidence fulfilling her burden to raise a question of fact as to whether the events she listed were adverse.

{¶63} Appellant failed to establish a prima facie case of age discrimination. Summary judgment was proper on this claim.

**Gender Discrimination:**

{¶64} Appellant also claims gender discrimination.

{¶65} A plaintiff who alleges gender discrimination bears the initial burden of presenting either direct evidence of discrimination, or establishing discriminatory intent indirectly through the McDonnell Douglas test. *Weber v. Ferrellgas*, Inc., 11th Dist. Trumbull, 2016-Ohio-4738, 68 N.E.3d 207, ¶ 24.

{¶66} In the absence of direct evidence, "the plaintiff must demonstrate that: (1) she is a member of a protected class; (2) that she suffered an adverse employment action; (3) that she was qualified for the position; and (4) either that she was replaced by someone outside the protected class or that a comparable [similarly-situated], non-protected person was treated more favorably." *Poppy*, 2005-Ohio-2071 at ¶ 36.

{¶67} Once again, it is uncontested that Appellant is a member of the protected class (a woman), and that she was qualified for the position.

{¶68} To establish this claim, Appellant, again, asserts that the fiscal officer and the head of the road department are similarly situated non-protected individuals.

16

Case No. 2021-T-0040

{¶69} Regarding the fiscal officer, Ms. Hatt is a woman and is thus a member of the protected class. Whether or not she is "similarly situated" to Appellant, she cannot be used to satisfy the fourth prong of the test applied in *Poppy.*

{¶70} For the reasons we discussed with regard to Appellant's age discrimination claim, neither the fiscal officer nor the head of the road department are comparable to Appellant. Additionally, because their salaries are governed by statute and the union's collective bargaining agreement, respectively, they are not similarly situated to Appellant. Lastly, for the same reasons articulated above, Appellant failed to raise a question of fact that the actions she listed were adverse.

{¶71} Summary judgment was proper on this claim.

**Promissory Estoppel:**

{¶72} In Appellant's complaint, she raises a promissory estoppel claim arising from the Township's alleged promise to pay her the same as the road department employees, and its failure to do so since 2004 when she became Zoning Inspector.

{¶73} The elements required to establish a claim of promissory estoppel are "(1) a clear and unambiguous promise; (2) reliance on the promise; (3) the reliance is reasonable and foreseeable; and (4) the party relying on the promise was injured by his or her reliance." *Connolly v. Malkamaki*, 11th Dist. Lake No. 2001-L-124, 2002-Ohio-6933, 2002 WL 31813040, ¶ 16.

{¶74} We need not decide whether the promise was, or was not, made because it does not matter. Under R.C. 2305.07, a promissory estoppel claim must be brought within six years after the alleged promise, and plaintiff's reliance on it to her detriment. *Evans Prop., Inc. v. Altiere*, 11th Dist. Geauga No. 2003-G-2494, 2004-Ohio-2305, ¶ 15.

17

{¶75} Here, the alleged event occurred in 2004, so the statute of limitations for Appellant's claim ran in 2010, some nine years before she filed her complaint.

{¶76} Additionally, Appellant makes no argument and cites no authority concerning this claim. Under App.R. 16(A)(7), it is Appellant's duty to do so, and the appellate court will not construct an argument on her behalf.

{¶77} Appellant did not establish a prima facie case on this claim.

{¶78} We find that the trial court properly granted summary judgment on the promissory estoppel claim.

**Retaliation:**

{¶79} In her second, third, and eighth assignments of error, Appellant asserts that the trial court erred in granting summary judgment on her retaliation claim by finding she did not suffer any adverse employment actions.

{¶80} The retaliation statute, set forth under R.C. 4112.02(I), states that it is unlawful discriminatory practice for any person to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice or because that person has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing.

{¶81} Appellate courts have held that it is unlawful for an employer to take adverse employment actions against an employee under the retaliation statute. *Wholf v. Tremco, Inc.*, 2015-Ohio-171, 26 N.E.3d 902, ¶ 29 (8th Dist.).

{¶82} As stated under our analysis of Appellant's age discrimination claim, she has not adduced evidence to meet her burden to raise a question of fact that the events she listed were adverse.

18

Case No. 2021-T-0040

**{¶83}** Therefore, summary judgment was proper on this claim.

**Public Policy:**

**{¶84}** Appellant also originally brought a claim of violation of public policy. Appellant appears to have abandoned this argument and her briefs make no argument that summary judgment was improper on this claim. App.R. 16(A)(7) also applies.

**{¶85}** We find that summary judgment was proper on this claim.

**Intentional Endangerment:**

**{¶86}** Appellant originally brought a claim of intentional endangerment.

**{¶87}** To support her intentional endangerment claim in her reply brief, Appellant cites R.C. 4101.11 "Duty of Employer to protect employees and frequenters" and R.C. 4101.12 "Duty of employer to furnish safe place of employment." However, in her complaint, opposition to summary judgment, and brief, Appellant failed to raise either statute. In her reply brief, Appellant does not form any argument why the statutes apply to her claim and merely cites them without anything more. Pursuant to App.R. 16(A)(7), we decline to form an argument on Appellant's behalf regarding why the statute may apply here.

**{¶88}** Yet, notwithstanding App.R. 16(A)(7), we have reviewed the record in relation to intentional endangerment under the statutes she has cited to us. That review confirms Appellees' entitlement to summary judgment on those claims.

**{¶89}** R.C. 4101.11 "Duty of Employer to protect employees and frequenters" provides:

> Every employer shall furnish employment which is safe for the employees engaged therein, shall furnish a place of employment which shall be safe for the employees therein and for frequenters

19

thereof, shall furnish and use safety devices and safeguards, shall adopt and use methods and processes, follow and obey orders, and prescribe hours of labor reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees and frequenters.

{¶90} 4101.12 "Duty of employer to furnish safe place of employment" provides:

No employer shall require, permit, or suffer any employee to go or be in any employment or place of employment which is not safe, and no such employer shall fail to furnish, provide, and use safety devices and safeguards, or fail to obey and follow orders or to adopt and use methods and processes reasonably adequate to render such employment and place of employment safe. No employer shall fail to do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees or frequenters. No such employer or other person shall construct, occupy, or maintain any place of employment that is not safe.

{¶91} First, we will address Appellant's intentional endangerment claim regarding the Township's vehicle. Appellant claims that the Township "required" her to drive "what they knew to be an unsafe vehicle" with "the intent of causing Plaintiff to be at risk of endangerment."

{¶92} Here, Appellant concedes that she was not required to drive the Township's vehicle and was permitted to use her own vehicle and would be reimbursed if she chose to do so. (Fonce RFA p. 3). Further, there is no evidence the Township had prior knowledge that the brake line was failing. Finally, in the past, the Township had the vehicle repaired whenever Appellant advised them of an issue. (Defendant's Motion for Summary Judgment, Exhibit E, Fonce email). When the Township was advised of the brake line failing, the vehicle was replaced within one month. (Fee aff. p. 4).

20

{¶93} The above evidence demonstrates that there is nothing in the record to suggest that the Township intentionally endangered Appellant, and further demonstrates that the Township took reasonably necessary steps to provide safe transportation.

{¶94} Appellant also claims intentional endangerment regarding a resident's alleged threats to her. Appellant asserts that the Township did not take any action to protect her from the resident.

{¶95} The record demonstrates that the Township did do everything reasonably necessary to protect Appellant's safety. The evidence shows that the Township advised Appellant to file report with the police, which she did, and that the police chief did not find the resident to be a threat to her. (Fee aff. p. 5, Exhibit 8). Appellant also admits in her deposition that the Township notified her that if the resident needed inside the Township building, he would need to be escorted by either the police chief or a trustee. (Fee dep. p. 47).

{¶96} Thus, the evidence reflects that the Township did everything reasonably necessary to protect Appellant's safety from the resident.

{¶97} Summary judgment was proper on this claim.

**Conclusion:**

{¶98} We find that summary judgment was proper on all claims brought.

{¶99} The judgment of the Trumbull County Court of Common Pleas is affirmed.

MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

21

Case No. 2021-T-0040