[Cite as *Hummel v. Hummel Group, Inc.*, 2022-Ohio-4789.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

BURKE HUMMEL

    Appellant

    v.

HUMMEL GROUP, INC.

    Appellee

C.A. No.     22AP0019

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    2019 CVC-H 000518

DECISION AND JOURNAL ENTRY

Dated: December 30, 2022

TEODOSIO, Presiding Judge.

{¶1} Burke Hummel appeals the judgment of the Wayne County Court of Common Pleas granting summary judgment in favor of Hummel Group, Inc. We affirm.

I.

{¶2} Burke Hummel ("Mr. Hummel") began employment with Hummel Group, Inc. ("Hummel Group") in 2002. In 2013, they entered into a Close Corporation Agreement providing that Mr. Hummel was a shareholder of Hummel Group and that his employment could only be terminated upon a supermajority vote representing 60% of Hummel Group's outstanding shares. In 2015, Mr. Hummel signed the 2015 Employment Agreement, which provides that a terminated employee would have 180 days to bring a claim.

{¶3} In July 2017, Hummel Group's President, Vaughan Troyer, decided that Mr. Hummel's employment with the Group needed to end based upon Mr. Hummel's alleged misconduct, deceit, and poor work performance. On July 28, 2017, President Troyer, Chief

Executive Officer Michael Sommers, and Mr. Hummel met to discuss the matter of Mr. Hummel exiting the organization. At the meeting, Mr. Hummel was told he no longer had a role with the organization and was asked to resign. On August 11, 2017, Mr. Hummel met with the Treasurer of Hummel Group, David Coil, to discuss performance issues and it was reiterated that there was no longer a place for him within the organization. Other Hummel Group shareholders were aware of these conversations regarding ending Mr. Hummel's employment.

{¶4} Mr. Hummel sought and was granted a leave of absence from Hummel Group from August 14, 2017, to September 22, 2017. Discussions of taking the leave of absence were held at the same time that Mr. Hummel was meeting with shareholders regarding his misconduct and departure from the company, and he took the leave knowing that there might not be a job waiting for him when he returned.

{¶5} A regular monthly shareholders meeting took place on August 29, 2017, where a vote to terminate Mr. Hummel's employment was unanimous (constituting 87% of the ownership interests, the exception being Mr. Hummel's own absent vote). Mr. Hummel had been informed of the shareholders meeting but was not informed that a vote on his termination would be held. Mr. Hummel admitted he was informed of the meeting and was in town at that time; he simply chose not to attend. Mr. Hummel was officially informed of his termination in the days after the shareholder meeting.

{¶6} In 2019, Mr. Hummel filed a complaint for breach of contract against Hummel Group. Upon the motion of Hummel Group, the trial court granted summary judgment against Mr. Hummel and in favor of Hummel Group. Mr. Hummel now appeals raising one assignment of error.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BURKE HUMMEL IN GRANTING THE MOTION FOR SUMMARY JUDGMENT FILED BY APPELLEE HUMMEL GROUP.

{¶7} In his assignment of error, Mr. Hummel argues the trial court erred in granting summary judgment in favor of Hummel Group. We do not agree.

{¶8} Appellate review of an award of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is appropriate under Civ.R. 56 when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C). A court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358–359 (1992). A trial court does not have the liberty to choose among reasonable inferences in the context of summary judgment, and all competing inferences and questions of credibility must be resolved in the nonmoving party's favor. *Perez v. Scripps–Howard Broadcasting Co.*, 35 Ohio St.3d 215, 218 (1988).

{¶9} The Supreme Court of Ohio has set forth the nature of this burden-shifting paradigm:

> [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party

has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

*Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).

{¶10} The trial court's entry granting summary judgment provides, in pertinent part:

The court finds that the plaintiff was an employee-at-will. He was terminated by defendant after a regularly scheduled meeting of the shareholders of which he had notice. The other shareholders all agreed to terminate his employment. His termination was in compliance with the Close Corporation Agreement. In addition to the Close Corporation Agreement, the plaintiff signed an employment agreement on September 29, 2015, which requires that an action arising out of the termination of his employment be brought within 180 days. Plaintiff waited for over two years to file this lawsuit.

{¶11} Mr. Hummel argues the trial court committed two errors: one based upon the Close Corporation Agreement and the other based upon the contractual limitation of actions as provided in the Employment Agreement. We turn first to the Close Corporation Agreement, as we find it dispositive of this appeal

{¶12} Termination of the employment of a shareholder is addressed in the Close Corporation Agreement:

The following action shall be taken only upon the affirmative vote of sixty percent (60%) of the outstanding shares of the Corporation entitled to vote: (i) termination of a shareholder as an officer or employee of the Corporation for any or no reason;

\* \* \*

The Shareholders acknowledge and agree that a Shareholder may be terminated as an officer or employee of the Corporation for any or no reason upon the affirmative vote of Shareholders owning at least 60% of all outstanding shares and such termination shall not be deemed a breach of fiduciary duty owed to such terminated Shareholder.

{¶13} Mr. Hummel argues that Hummel Group breached the Close Corporation Agreement because the officers and other shareholders had decided to terminate him prior to any shareholder vote and explicitly told him so. He contends that he was told he no longer had a job before any vote took place, and was consequently terminated before a shareholder vote, in violation of the Close Corporation Agreement. It is on this basis that he argues that there is a genuine issue of material fact remaining to be litigated, and that summary judgment should not have been granted.

{¶14} Although Mr. Hummel contends that two other shareholders (Darrick Hummel and David Taylor) believed that the decision to terminate him was made prior to the shareholder's meeting, the evidence indicates the shareholders were aware that his termination could only be done by a vote of the shareholders. Moreover, we find no argument to suggest any contractual relevance to the fact that there were conversations regarding the termination of Mr. Hummel prior to the shareholders' vote. Pursuant to the Close Corporation Agreement, termination could only be achieved by a 60% vote. Because that threshold was met, Mr. Hummel was properly terminated. There are no facts to dispute this vote or its result. Consequently, we find no error in the trial court's determination that no genuine issues of material fact remained to be litigated.

{¶15} The trial court alternatively determined that Mr. Hummel's legal action against Hummel Group arose outside of the 180-day limitation period provided for by the Employment Agreement, which contained the following provision:

17. Contractual Limitation of Actions

17.01. Employee covenants and agrees that any claim or cause of action arising from the terms of the Agreement including, but not limited to, any claim or cause of action arising out of or contesting Employee's termination of employment for any reason shall be brought within 180 days from the date of the breach on activity upon which such claim or cause of action is based. In the event such claim or cause

of action is not timely filed, it is the intent of the parties by this provision to bar the filing or prosecution of such claim or cause of action thereafter.

{¶16} Mr. Hummel argues that the underlying litigation includes no claims that arise from the terms of the Employment Agreement, and therefore the 180-day limitation period has no relevance. In support of this argument, Mr. Hummel notes that the Employment Agreement is silent regarding the 60% supermajority requirement for termination of a shareholder's employment, as that provision only appears in the Close Corporation Agreement and not the Employment Agreement.

{¶17} Because we conclude the trial court did not err in determining that Mr. Hummel's termination was in compliance with the Close Corporation Agreement and that summary judgment was proper on those grounds, we decline to address the issue of the 180-day limitation on actions.

{¶18} Mr. Hummel's assignment of error is overruled.

III.

{¶19} Mr. Hummel's assignment of error is overruled and the judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

JUSTIN D. FLAMM, Attorney at Law, for Appellant.

D. WESLEY NEWHOUSE, Attorney at Law, for Appellee.

STEVEN J. SHROCK, Attorney at Law, for Appellee.